In the Matter of the Claim of BEATRICE CHAFFEE, on Behalf of REBECCA CLAPPER, an Infant, Respondent, against MORRIS L. EFFRON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 21, 1956.

*Ralph S. Stowell* and *Joseph D. Edwards* for appellants.

*Emil C. Herrmann* for claimant-respondent.

*Jacob K. Javits, Attorney-General* (*Roy Wiedersum* and *Gilbert M. Landy* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J. Decedent was killed in a motor vehicle accident while driving an automobile of his employers on a highway in the city of Vergennes, Vermont. One of the employers was present in the vehicle at the time of the accident. The proof is that decedent was driving carelessly. He was going around a sharp curve, described by a police official as a " very bad curve " at which vision was restricted by the abutment of an overhead railroad bridge.

The speed of the vehicle was forty-five miles an hour and as decedent went into the curve he failed to keep to the right of the center line of the highway. While in this position over the center line, the vehicle came into collision with a truck. The city ordinance restricted speed at that place to thirty miles an hour.

Claimant, on behalf of decedent's child, has had an award of workmen's compensation benefits; the employers and carrier argue on appeal that because the decedent's operation was in violation of law the award should be reversed. It is contended

that in such circumstances the death would not be deemed to have arisen " out of and in the course of " employment.

The statute does not, however, deprive an employee or his dependents of workmen's compensation benefits because the precise act of the employee leading to or causing the injury may be literally in violation of a public statute, ordinance or regulation. This is especially true of a violation of the complex and ubiquitous statutes and rules governing the operation of motor vehicles on streets and highways.

The exceptions to the general rule of compensation are set out in section 10 of the Workmen's Compensation Law. There is " no liability " for compensation where it is " occasioned by intoxication " or " by wilful intention of the injured employee " to bring about his own or another employee's injury. The statute discloses no interdiction on workmen's compensation benefits because there has been carelessness. Indeed, the elimination of the employee's negligence as a cause for defeating his right to benefits for injury sustained in industrial mishap was one of the main objectives of the sponsors of workmen's compensation.

An employee may lose compensation benefits either by wilfulness or intoxication, neither of which is shown here. What is shown is that the decedent went too fast around a curve and was too far out of line and partly in the left lane of traffic; and that the operation of the vehicle was contrary to a local speed ordinance.

To say this is merely to say that decedent was negligent and that ingredient in his negligence was the act of violating a speed ordinance. This does not take his death outside the scope of the statutory benefits.

Cases relied upon by the appellants, such as *Gifford* v. *I. G. Patterson, Inc.* (222 N. Y. 4), where the watchman departed from his rounds and was doing something else when injured; and *Burch* v. *Ramapo Iron Works* (210 App. Div. 506) where the employee was injured working at a furnace which was not his regular work and which he had been told not to do, give little support to the theory by which the appellants would exclude claimant from benefits, if, indeed, the cases themselves have not been overruled by subsequent decisions. The decision in *Matter of Commissioner of Taxation* v. *Bronx Hosp.* (276 App. Div. 708) can afford little comfort to the appellants who cite it.

We see a case here in which it could readily be said the decedent was negligent in the course of his employment; but this does

not deprive the dependent of the right to compensation benefits under principles which seem to us very firmly fixed.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., HALPERN, ZELLER and GIBSON, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.