In the Matter of MARIAN LOWERY, Respondent, against RISS & Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 16, 1960.

*Paul Reed Taylor* for appellants.

*Salvatore M. Lo Monaco* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Harry Fromberg* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. The deceased employee worked as a salesman covering a large territory soliciting customers for the employer's trucking business. The decedent lived in Cortland and his employer had an office in Syracuse. He did not report to the office every day but he kept the office informed as to where he was going and if he was going to stay overnight. If he stayed overnight his restaurant and hotel expenses were paid. He used his own car for which he received monthly car allowance and mileage. He was what is known as an outside worker. His territory which was not clearly defined was roughly from Syracuse west to Geneva, south to Hammondsport and the southern tier and then from Syracuse east to Utica and north

to Massena. On April 2, 1957 the decedent made calls in Syracuse and informed the office that the next day he was going to the wine country, i.e., Hammondsport and surrounding area and perhaps the southern tier and on the day after that to Geneva, Waterloo and Auburn. The decedent left from his home in Cortland on the morning of April 3, 1957 and it was established that he made at least one call in Hammondsport that day. His wife's mother lived in Dansville, some 35 miles northwest of Hammondsport and he stopped there on the evening of April 3 while on his way to visit his own mother and father who lived in Mt. Morris, some 17 miles northwest of Dansville. He had dinner with his mother and father and left their home at about 10:00 P.M. to return to Cortland. At 1:20 A.M. on Route 13 near Dryden (about 10 miles from Cortland) he failed to make a right turn and went off the road striking a tree and was killed. There were no witnesses to the accident and no testimony concerning its cause. The State Police report states, "apparently fell asleep". It was shown that the decedent was traveling home by the same route he would have used if he had left for home directly from his customers.

The Referee made an award of death benefits to the decedent's widow and minor child and on review the board affirmed finding that the accident arose out of and in the course of the decedent's employment.

The question presented here is whether this case can be distinguished from *Matter of Pasquel* v. *Coverly* (4 N Y 2d 28). There the employee drove from White Plains to Kingston on business. He finished his work at about 5:00 P.M. and drove south to Newburgh where he stopped at a relative's for dinner. After dinner he visited several auto agencies for the purpose of buying a car. He went to a tavern, had several drinks and then returned to the relative's house where he played cards until 3:00 A.M. He left for home at about 3:30 A.M., stopped at a diner and then at about 5:00 A.M., when one mile from home, crashed into a tree and was killed. The Court of Appeals in dismissing the claim said (pp. 30, 31–32):

" The circumstance that he combined business with some pleasure would not defeat the claim, unless the accident resulted from risks produced by the personal activities.

\* \* \*

" This was different from stopping to make a personal call or varying the route to or from the place of business for some personal reason whereby the risk or hazard is not materially increased. In this instance it is impossible to believe that the

decedent's personal activities are not what created the peril that resulted in his death."

The court (p. 31) also quoted an excerpt from the dissenting opinion of Mr. Justice HALPERN in the Appellate Division, "The risks of the trip were substantially increased by the intervening activities and lack of sleep". Thus it must be determined here whether the board could find that the accident did not result from "risks produced by the personal activities" and that this was a case where the personal deviation did not materially increase the risk or hazard. In the *Pasquel* case the personal activities engaged in by the employee were certainly more extensive and more hazardous than those engaged in by the decedent in the present case. He stopped for dinner with a relative, went out to look at cars, did some drinking and played cards until 3:00 A.M. He started his return journey at a much later hour, with its attendant loss of sleep. Thus it is obvious that the risks resulting from Pasquel's personal activities were much greater than that created in the present case. If Pasquel had only stopped at his relative's for dinner it would seem very likely that his death would have been compensable. Here that is all the decedent did except that he went some distance out of his way to do this. There is no question that he was back on his normal route when the accident happened. Thus the only added risk here was the delayed departure, that is he started for home a few hours later than he would have if he had not visited his mother and father for dinner. This meant that he was driving at a later hour than he otherwise would have been but it would seem that he still started for home at a reasonable hour, i.e., 10:00 P.M. Except for the later start the decedent did not engage in any activities which increased the risks of his return, nor did he stay to such a late hour that it would be unreasonable to say it had no effect upon him. In the present case the board could have found that the risk was increased but did not choose to do so and it cannot be said as a matter of law, in our view, that the accident resulted from risks produced by the personal activities or that the risks or hazards of the return journey were materially or substantially increased.

Decision and award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.