◼ In the Matter of the Claim of ARLENE WIDRIG, Respondent, v. J. M. NEWHOUSE DISTRIBUTORS et al., Appellants.  WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board.  Decedent was employed as a truck driver; but occasionally helped to load and unload the truck.  The record sustains a finding that on April 23, 1954, following strenuous physical effort helping to load his truck, decedent collapsed and died, and that his death was caused by the physical effort. The main issue in the case is whether there was an advance payment of compensation within section 28 of the Workmen's Compensation Law which would avoid the statutory effect of a failure to file a claim.  The board has found that the employer paid a part of the funeral bill and held the payment to be an advance payment of compensation to the widow claimant.  It has been held that payment of a part of a funeral bill can constitute advance payment of compensation.  (*Burcia* v. *St. Joseph Lead Co.,* 283 App. Div. 1124, motion for leave to appeal denied 307 N. Y. 943).  The president and sole owner of the corporate employer told the widow that he would arrange to have the body shipped from Rochester where death occurred to Jamestown where decedent lived.  "I said to her * * * We have group insurance compensation if necessary".  Following this conversation the president had the body shipped to Jamestown and paid $45, the cost of the transportation.  Appellants seem to argue that this was done without knowledge "of all the facts and circumstances surrounding the death".  The officer knew, however, that decedent died while in Rochester in the service of the employer; he had received a telephone call from a customer; and his statement to the widow in connection with pay-. ment of transportation of the body that "we have" compensation insurance suggests strongly a knowledge that the death occurred in the course of.employment.  It is also argued that the officer paid the bill personally; but he testified he is the "sole owner" of the corporation.  To find the employer made such payment is well within the record of the case.  Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.