■ In the Matter of the Claim of EVA WILLETT, Respondent, v. IRONA MILK HAULERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board allowing benefits for the death of claimant's son. The question presented is whether his death was due solely to intoxication. (Workmen's Compensation Law, § 10; N. Y. Const., art. I, § 18.) At about 1:40 P.M., on December 23, 1957 decedent was killed when an automobile which he was operating in a general northerly direction swerved toward and off the opposite side of Route 9 in the Village of Champlain, New York, and continued to the brink of a steep embankment over which it catapulted and came to rest in the center of nearby Great Chazy River. There was testimony that after decedent's car had negotiated a long sweeping curve bending to his right, the vehicle was traveling during the ensuing 90 feet before it left the public highway at a rate of speed of about 70 miles per hour in the shallow gutter adjacent to the east side of the highway proper from which it swerved in a westerly direction, skidded sidewise on the road for a short distance and then "shot right across" the highway. The witness who observed the occurrence further testified that the swerving action threw decedent off balance and toward the center of the car; during the skid deceased with both hands was "fighting" its steering wheel from a "twisted" position in the vehicle. A postdeath blood analysis revealed the presence of 0.21% alcohol which according to the undisputed medical testimony demonstrated that deceased was intoxicated. There was conflicting lay opinion evidence as to the state of his sobriety. The loss of control of the vehicle was the immediate cause of decedent's fatal injury. We think that it was not unjustifiable for the board to conclude that its careless operation was a factor contributing to the accident and death and that intoxication was not their sole cause. (Workmen's Compensation Law, § 21, subd. 4; Matter of Shannon v. American Can Co., 278 App. Div. 546, motion for leave to appeal denied 303 N. Y. 1016; Matter of Segnini v. Roxbury Ski Center, 14 A D 2d 449.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.