In the Matter of the Claim of CATHERINE BRASCH, Respondent, v. INVESTORS FUNDING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from an award of death benefits. The decedent, an assistant vice-president of the employer, died, shortly after the beginning of his work day, in a fall from the window of his 34th floor office. The only known witness, a window cleaner working outside another building, said that decedent was sitting in the window frame, with his back against it and his feet propped up against the opposite side of it and with one of his hands braced on the edge of the window ledge; and in a matter of four or five minutes he "just rolled out". In their brief, appellants state that it is not "being urged * * * that the decedent's act was one of suicide". They do assert that the act of decedent which created the risk "had no connection * * * with his employment" nor was it "incidental to his employment duties or * * * within the reasonable apprehension or scope of his work." The same argument was presented to us and rejected in *Matter of Mengele* v. *Liebman Breweries* (13 A D 2d 195, 198, revd. on other grounds 11 N Y 2d 986), a case markedly stronger against the claimant than this, in which the board had awarded for the death of a brewmaster in a fall from a roof, protected by a parapet, where, so far as was known, decedent had no occasion to go for any employment purpose or for recreation or rest. We said: "The presumption contained in subdivision 1 of section 21 of the Workmen's Compensation Law justified the board's finding even though the presence of the deceased on the roof was unexplained. (*Matter of Graham* v. *Nassau & Suffolk Light. Co.,* 308 N. Y. 140; *Matter of Kleid* v. *Carr Bros.,* 300 N. Y. 270.)" We reversed the award and dismissed the claim, however, on the ground that "the further statutory presumption that the deceased was not a suicide" had been overcome by substantial evidence to the contrary (p. 198); but the Court of Appeals, while inferentially approving our rejection of the carrier's first ground of attack, held that "the record presented an issue of fact as to suicide or accident" and reversed our order and reinstated the award (11 N Y 2d 986, 988, *supra*). In the case before us, the accident occurred "within the time and space limits of decedent's employment" and hence "there became operative the presumption of compensable accident". (*Matter of Phillips* v. *Spaulding Bakeries,* 17 A D

2d 684, affd. 12 N Y 2d 1027, citing Workmen's Compensation Law, § 21, subd 1; see, also, *Matter of Wetterauw* v. *Japan Airlines,* 11 N Y 2d 983; *Matter of Moraes* v. *National Biscuit Co.,* 2 A D 2d 619, mot. for lv. to app. den. 2 N Y 2d 705.) Appellants contend, however, that the presumption is inapplicable because this was not an "unwitessed accident"; but there is no magic in that conventional phrase per se and an accident which is unexplained, although witnessed, is the equivalent of an unwitnessed accident; and here the observer did not, and under the circumstances, of course, could not, supply any proof as to cause or as to motivation, if such there were, or with respect to any of the basic employment issues. Directly in point and completely negating appellants' contentions are the *Phillips,* the *Wetterauw* and the *Moreas* cases (*supra*), in each of which the decedent's physical actions and fall were witnessed but unexplained (or perhaps in the board's view not satisfactorily explained) and the presumption of compensable accident was, in consequence, applied. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds, Taylor and Hamm, JJ., concur.