■ In the Matter of the Claim of JANE DEVLIN, Respondent, v. EDWARD PETRY & COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board affirming an award of death benefits. Decedent, Joseph Devlin, was employed to sell radio time and to act as liaison between customer-agencies and the various radio and television stations represented by the employer. He spent most of his time calling on the various agencies, 60% of the time in person away from the employer's premises. The decedent had no regular fixed working hours and his assignment included approximately 100 agencies within New York City and up-State. He lived in Yonkers and had a monthly commutation ticket on the New York Central. As part of his job decedent sometimes took work home and he was regularly required to entertain clients as part of promoting good will. On December 19, 1962, decedent and fellow employees entertained and had business discussions with a client. At approximately 9:00 P.M., decedent left the meeting and took

a taxi to Grand Central Station. He telephoned his wife that he was waiting for the 10:10 train. He was never seen alive again and his body was discovered several hours later on the New York Central tracks near 138th Street. Death was due to traumatic injuries and an autopsy showed 0.15% alcohol in the brain. The board found that decedent was an outside worker, that presumptions 1, 3 and 4 of section 21 of the Workmen's Compensation Law were applicable and not overcome by substantial evidence and that death was causally related to accidental injuries arising out of and in the course of employment. We believe that there is substantial evidence in the record to sustain the board's determination. Appellants erroneously contend that decedent's employment ended at Grand Central Station. Upon the instant record the board was justified in classifying decedent as an " outside " worker (*Matter of Bennett* v. *Marine Works*, 273 N. Y. 429; *Matter of Castellano* v. *B. & A. Specialties Co.*, 23 A D 2d 931) and, therefore, in finding that his employment did not end at Grand Central Station and would have continued until he reached home (*Matter of Bennett* v. *Marine Works, supra*; *Matter of Fonze* v. *Stuyvesant Oil Burner Corp.*, 10 A D 2d 761; *Matter of Scott* v. *Schaefer & Sons*, 3 A D 2d 775). Upon this record the board was not required to find any deviation from the employment. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.