■ In the Matter of the Claim of JULIA SEDLACK, Respondent, v. J. & A. CUSTOM HEATING & AIR CONDITIONING, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board which awarded death benefits. The employer reported, and the board found, that decedent, while returning from a service call in the employer's service truck, came to his death as the result of a collision between the truck and another motor vehicle. The board also found, and upon substantial evidence, that on the day in question, a Sunday, a heating system which the employer had installed in a tavern some months before broke down and decedent was called to repair it; that decedent "arrived in the employer's truck at about 5:00 P.M. and proceeded to make the necessary repairs. After making the repairs the deceased had a few drinks and played a game or two of pool and at about 6:45 P.M. the deceased left with his truck. The fatal accident occurred shortly thereafter at a location on the road between the tavern where the repairs were made and the office of the employer." Tests following autopsy disclosed the presence of 0.21% alcohol in the brain. The board held "that the deceased on March 27, 1966 made repairs to the heating equipment at Welcome Inn while in the service of the employer * * * that the activities of the deceased during the interval between about 5:00 P.M. and shortly after 6:45 P.M. when the claimant was at the premises where the repairs were made does not constitute abandonment of the employment and that in any event at the time the fatal collision occurred, the deceased was back on the return trip * * * that the fatal injury sustained arose out of and in the course of employment." Appellants' contentions are largely factual. Thus, they attack as "incredible" and "illogical" the testimony of the witnesses, including that of the tavern proprietor, who said that when the heating unit failed and he had no heat he sent for decedent to make repairs; but the credibility of the testimony and its weight were, of course, for the board. Appellants urge, additionally, that "Decedent deviated from his employment after alleged repair job" and that his "indulgence in personal activities after completing alleged service call, constituted abandon-

ment of his employment." Affirmance is mandated, however, by a massive body of decisional law sustaining awards involving service employees and other outside workers pausing for relaxation, sometimes for some few hours, sometimes while over-imbibing, before resuming the homeward journey, frequently, as here, with the employer's business vehicle. Closely in point is *Matter of Fonze* v. *Stuyvesant Oil Burner Corp.* (10 A D 2d 761; and see *Matter of Mansfield* v. *General Adj. Bur.*, 27 A D 2d 783, affd. 20 N Y 2d 881; *Matter of Church* v. *Worthington Corp.*, 12 A D 2d 571, mot. for lv. to app. den. 9 N Y 2d 609; *Matter of Cliff* v. *Dover Motors*, 11 A D 2d 883, affd. 9 N Y 2d 891; *Matter of Durkee* v. *Atlantic Refining Co.*, 27 A D 2d 773). As has been indicated, appellants claim, first, a deviation from the employment, and, second, its abandonment. The first contention overlooks, as does the second, the fact that decedent was an outside worker returning from a service call while operating a company truck which was itself an instrumentality of the employment and the agency that brought about his death. Appellants predicate their remaining contention, that of abandonment, upon *Matter of Pasquel* v. *Coverly* (4 N Y 2d 28), which seems to us inapposite, involving, as it did, a long homeward trip begun at 3:30 A.M. after a night spent in varied personal activities, with little, if any, sleep.* Indeed, appellants appear to misapprehend the thrust of *Pasquel,* it being clear that the discussion in their brief of decedent's "indulgence in personal activities" relates to his indulgence in intoxicants, so that his intoxication "was the end result of the indulgence" and "explains" his fatal accident. Again, appellants urge that decedent's intoxication "contributed heavily to his fatal occurrence, if not entirely." Intoxication bars recovery of compensation only "when the injury has been solely occasioned by intoxication" (Workmen's Compensation Law, § 10) and the presumption is that "the injury did not result solely from the intoxication of the injured employee" (Workmen's Compensation Law, § 21, subd. 4). Here, there is no claim that intoxication was the sole cause of the accident and under the framed issues there can be no such claim; but appellants — urging that intoxication "contributed heavily" — seek to accomplish by indirection a result prohibited by the statute. As we said in a similar case, "while appellants do not directly charge decedent with intoxication, the clear inference from their argument is that the personal activity to which they attribute the accident was his consumption of alcohol, and no other personal activity seems to be suggested as a causative factor. Even proven intoxication will not bar award unless it is found to have been the sole cause of the accident * * * and the acceptance of appellants' apparent theory of causation would, in effect, vitiate that statutory provision." (*Matter of O'Connor* v. *Johnson & Johnson*, 12 A D 2d 846, 847, mot. for lv. to app. den. 9 N Y 2d 611; and see *Matter of Sullivan* v. *L'Heureux*, 18 A D 2d 1116, mot. for lv. to app. den. 13 N Y 2d 595.) The result is the same and the difference no more than semantic if, in mistaken reliance upon *Pasquel (supra)*, it be argued that decedent's personal activities increased the risk of the return trip; for, in this case, unlike *Pasquel,* the only personal activity that could reasonably be deemed to have increased the hazard was decedent's imbibing; and it seems clear that if intoxication must, under the statute, be ruled out as a contributory *cause,* there exists even less justification for giving it effect as a contributory *risk.* Upon this record, the board's factual determination cannot be disturbed. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Cooke and Greenblott, JJ., concur in memorandum by Gibson, P. J.;

---

* The many factors which increased the risk of travel in *Pasquel* are well analyzed in Mr. Justice REYNOLDS' opinion in *Matter of Lowery* v. *Riss & Co.* (10 A D 2d 489, 490–491)

Reynolds, J., dissents and votes to reverse and dismiss in a memorandum. REYNOLDS, J. (dissenting). Sometime shortly before 5:00 P.M. on Sunday, March 27, 1966, while at the fire house of the Ridge Fire Department where he had been most of the day, decedent was allegedly summoned to check a heating system he had installed in a tavern. It is claimed that he arrived at the tavern about 5:00 P.M. pushed a reset button to start the burner and then remained to drink and play pool. Just before 7:00 P.M. he left the tavern and the fatal accident occurred shortly thereafter at a location on the road between the tavern where the alleged burner call was made and his business office, as well as his residence. Appellants assert that the claim was fraudulent and that the board's decision is not supported by substantial evidence of any business activity, in that, as the dissenting member of the board found, there was no credible evidence that the decedent was summoned to the tavern for business purposes. Rather it is urged that decedent was a social guest only and that the record shows that he was in fact a somewhat regular habitue at the tavern on Sundays. Appellants further assert that the training of the men at the firehouse, where decedent spent most of the day, was over at 12:15 P.M. and that social activities were engaged in until about 3:00 P.M. Why decedent was there until 5:00 P.M. is not known. Moreover, it is claimed that there is no credible evidence that the repair job was actually performed; that although a record of all business is supposed to be kept, there is no record of payment for this particular job and that therefore the credible evidence establishes no employment activity as alleged. Finally it is pointed out that when decedent left the tavern, his actual destination was unknown. Further it is urged that assuming *arguendo,* that the trip to the tavern was originally business motivated, decedent so deviated from and abandoned his employment after pushing the reset button on the burner, that he removed himself from his employment. There is evidence that he engaged in drinking (the autopsy report revealed 0.21 percent Ethyl Alcohol in the brain) and played in several games of pool thereafter. Appellants cite *Matter of Pasquel* v. *Coverly* (4 N Y 2d 28) as authority for reversing the majority decision of the board. The rationale of *Pasquel* is that an accident is not compensable if it resulted from risks produced or increased by purely personal activities and that a trip can lose its "identity" as part of the decedent's employment. The court said: " The circumstance that he combined business with some pleasure would not defeat the claim, unless the accident resulted from risks produced by the personal activities. We think that it did. Here it was the employer's business which sent the traveler forth upon the journey, but it was not the employer's business which brought exposure to the perils in consequence whereof he died. * * * Departure from the course of an employment does not always depend entirely on whether an employee, in making a business trip, was on the route to or from the place where the business was to be transacted. It may also consist in deviation from the procedure which would normally be followed in accomplishing the business errand, where the death or disability has been the consequence of the deviation. ' * * * The trip lost its "identity" as part of the decedent's employment.' This was different from stopping to make a personal call or varying the route to or from the place of business for some personal reason whereby the risk or hazard is not materially increased. In this instance it is impossible to believe that decedent's personal activities are not what created the peril that resulted in his death." (*Matter of Pasquel* v. *Coverly, supra,* pp. 30, 31, 32.) I agree with appellants that we have here a deviation from and an abandonment of employment if original business activity is assumed. In my view decedent did not sustain an accident which arose out of and in the course of his employment. The order appealed from should be reversed and the claim dismissed. While the facts in *Pasquel* are somewhat different (loss of

sleep and longer deviation) as they will be in all of such cases, the reasoning and rationale applies. In the majority opinion reference is made to the " employer's report ". In certain instances weight has been given to a statement in the employer's report as to certain facts upon the ground that it constitutes an admission of sorts, but we cannot and should not in the interests of justice give any weight whatever to a self-serving report which is prepared and signed by the claimant, a highly interested party. We have also classed such statements as a " thin reed of constructive admission which has little evidentiary depth " (*Matter of Walker* v. *Great Lakes Motor Corp.*, 3 A D 2d 60, 62), and have noted that "we do not regard such reports as constituting very strong evidence " (*Matter of Hoffman* v. *Grain Handling Co.*, 7 A D 2d 675, 676, mot. for lv. to app. den. 5 N Y 2d 709). Also I cannot agree with the statement that drinking or intoxication cannot be given effect in a deviation case as a contributory risk. Such a position quite clearly fails to properly distinguish cause from risk. Cause presumes employment while risk questions its very existence. Thus as to cause subdivision 4 of section 21 applies, but as to risk it clearly has no bearing. Subdivision 4 provides a presumption invoked to restrict the use of a defense to cause and is expressly applicable only if the employee is " on duty " (*Matter of Commissioner of Taxation and Finance* v. *Victory Mem. Hosp.*, 4 A D 2d 895). Section 10 applies also only when the accident is sustained while " on duty ". Absent any statutory restriction I see absolutely no reason why drinking or intoxication cannot be considered as a factor increasing the risk to the point of a resulting deviation from or abandonment of employment (1A Larson, Workmen's Compensation Law, § 34.20). It is interesting to note that the Court of Appeals, in *Matter of Pasquel* v. *Coverly* (*supra*), considered drinking a factor in finding a deviation and even stated: " After leaving the automobile agencies, the three men went to a tavern where they had several drinks, then returned to the relative's home, where they played cards " (*Matter of Pasquel* v. *Coverly, supra*, p. 30). Here we have decedent drinking and then playing several games of pool. I see no significant difference between this case and *Pasquel*. Decedent's personal activities, including his drinking, appreciably increased the risk of injury and accident and thus constituted a deviation from and an abandonment of employment. Surely such a case as this should not be held compensable.