█ In the Matter of the Claim of ANNA SCHMITT, Respondent, v. ALPHA DELTA PHI FRATERNITY HOUSE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from a decision of the Workmen's Compensation Board, filed January 22, 1968. Claimant was employed by a fraternity as a cook and housekeeper for about 35 years until she retired on July 30, 1963. She and her husband, engaged as a maintenance man, received a joint salary of $500 per month plus room and board. In 1966 claimant made a claim for workmen's compensation benefits for a back injury sustained on June 10, 1963 when she attempted to lift a box of books, weighing 70 to 80 pounds, at the fraternity house. The board found that claimant was totally disabled as a result of the 1963 accident and awarded benefits from March 7, 1966. Claimant waited almost three years before filing a claim for benefits, but the board found that the payment of wages to her after said injury was an advance payment of compensation and a waiver of the two-year Statute

of Limitations prescribed by section 28 of the Workmen's Compensation Law. To support such a finding, there must not only be payment of wages to a disabled employee but, also, the circumstances of the payment must be such as to imply an acknowledgement or recognition of liability (*Matter of Pacer* v. *Graybar Elec. Co.*, 31 A D 2d 678; *Matter of Buxbaum* v. *Cumberland Provision Co.*, 14 A D 2d 425, app. dsmd. 12 N Y 2d 670; *Matter of Lombardo* v. *Endicott Johnson Corp.*, 275 App. Div. 18, 22). Employer's president and treasurer testified they were promptly informed that claimant injured her back in the course of employment, that they knew she was unable to do her usual work and that she continued to receive her full salary after the injury until her retirement 50 days later. The treasurer indicated a recognition of liability by his statement to claimant's husband that " if she is hurt badly give me a ring and I will make out the compensation papers ". The president testified that she told him very shortly after the lifting that, as a result of it, she could not work. The record contains substantial evidence that the employer was on notice that the employee's injury might involve a compensable claim so that the continued payment of wages after the accident could imply a knowing advance payment of compensation. Dr. Love, an attending physician, testified that her present disability " could be related * * * with some degree of medical certainty ". The word " could " does not destroy the probative value of this medical opinion, the form and language not being controlling (*Matter of Zaepful* v. *du Pont de Nemours & Co.*, 284 App. Div. 693, 695, affd. 309 N. Y. 962; cf. *Cunningham* v. *Maxwell*, 6 A D 2d 366, 368). In *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works* (304 N. Y. 65, 72), " innumerable medical reports and voluminous testimony " contradicted one segment of the testimony of a medical witness which suggested causal relation but, here, there is no contrary medical evidence. Furthermore, Dr. Lin, who operated on claimant in 1966, testified that either the lifting accident of 1963 or one in 1965 could have been the sole cause of claimant's condition (cf. *Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414). Claimant testified that she had not intended to stop working completely when she went on Social Security and that she would work if her back did not prevent her from doing so. If reduced earnings are caused solely by economic conditions, age or any factor other than claimant's disability, he is not entitled to an award, but, if the disability causes or contributes to the reduced earnings, an award may be made, the board's determination being factual and to be sustained if supported by substantial evidence (*Matter of Haar* v. *Straus-Duparquet*, 29 A D 2d 726, mot. for lv. to app. den. 21 N Y 2d 646; *Matter of Fromm* v. *Rochester Tel. Corp.*, 22 A D 2d 728). The board's supplemental decision, filed during the pendency of this appeal, justifiably found that claimant did not voluntarily retire from the labor market. The modified decision may be reviewed on the appeal from the initial decision (*Matter of Piekut* v. *Philip Fleischer, Inc.*, 276 App. Div. 702, 705). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.