■ In the Matter of the Claim of PATRICIA A. DUNN, Respondent, v. SUPERVISED INVESTORS SERVICES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal from a decision of the Workmen's Compensation Board, filed May 7, 1969, which awarded death benefits to the claimant. Decedent was employed as the regional representative of the appellant, an investment adviser and underwriter for two mutual funds. It was decedent's duty to promote the sale of these funds to security dealers, who would sell them to their customers in New York and New England. On April 8, 1964, he went to Boston and contacted one Martel, a stockbroker for Eastman Dillon, a large brokerage firm. Martel and decedent had been classmates at college, had attended the same Naval Officers Training School, and had been simultaneously employed by Eastman Dillon. During a business discussion, decedent invited Martel to attend a basketball game on the following evening. On April 9, the two met at 4:30 P.M., and went to Martel's home with one Tiernan, another broker whom decedent was also attempting to interest in the funds. They ate and stopped briefly at a cocktail party. At the game, each had several cans of beer, and afterwards, returned briefly to the party, before going to a restaurant for a late dinner and back to Martel's home until 1:30 A.M. Decedent paid for all tickets to the game and for the meals thereafter. Martel testified that the principal topic of discussion following the game was the sale of decedent's mutual funds. Shortly after departing, decedent and Tiernan

met their death in an automobile accident. Decedent's immediate supervisor testified that he had instructed decedent to call upon Eastman Dillon, and assumed that decedent would " exploit" any friendships he had in that company. He further stated that the type of entertainment for which decedent had paid would be reimbursed by the employer. The board found " that the deceased's employment activities placed him where he was at the time of the fatal accident. * * * He had wide latitude in performing his work; and his activities encompassed visiting persons at their offices and promoting goodwill which entailed social ventures; and that under all the circumstances here, that ride home culminating in the fatal accident on the morning of April 10, 1964 arose from his employment activities." There is substantial evidence to support this determination. The standard of reasonableness in determining whether activities engaged in by an outside employee are within the ambit of his employment, has been met. (Matter of Davis v. Newsweek Mag., 305 N. Y. 20.) The nature of decedent's employment was such that it was his duty to " create sales " by encouraging brokers to suggest employer's mutual funds to their customers, and in doing so, he was expected to " exploit" any personal contacts he may have had. It is to be expected that in accordance with accepted modern business practice, the cocktail lounge or supper club will sometimes be found to be a more conducive setting for business discussions than an office. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Greenblott, J.