■ In the Matter of the Claim of FLORENCE ROSEBROOK, Respondent, v. GLEN & MOHAWK MILK ASSOCIATION, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision of the Workmen's Compensation Board, filed July 14, 1971, which made an award of death benefits to the claimant. The decedent, claimant's husband, was an outside salesman and "trouble shooter", in which capacity he occasionally visited the places of business of his employer's customers in response to complaints. On October 8, 1968 decedent was instructed by his employer to call upon a customer in Glens Falls on his way home that night to investigate a complaint. At about 6:40 P.M., while en route to the customer's place of business, decedent's vehicle failed to negotiate a curve while traveling at a high speed, resulting in the fatal accident. Decedent's body was found to contain an ethyl alcohol concentration of 0.18%. Appellants deny liability contending that decedent's death was caused solely by intoxication. (Workmen's Compensation Law, § 10.) A majority of the board panel found "that the mere negligent operation of a motor vehicle even apparently in the violation of traffic laws * * * does not amount to a deviation from employment and does not bar compensation", and further found that the carrier's proof of intoxication was not sufficient to overcome the presumption under subdivision 4 of section 21 that "the injury did not result solely from the intoxication of the injured employee". The record clearly supports the decision below. The board could properly find that decedent's reckless operation of the vehicle, speeding and drinking were all contributing causes of the accident. That intoxication might have been one contributing factor does not suffice to deny benefits under section 10. "It is only where all the evidence and reasonable inferences therefrom allow no other reasonable conclusion than that intoxication is the sole cause that we may interfere with the board's determination". (Matter of Post v. Tennessee Prods. & Chem. Corp., 19 A D 2d 484, 486, affd. 14 N Y 2d 796.) Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Cooke and Kane, JJ., concur; Reynolds, J., dissents and votes to reverse and dismiss the claim in the following memorandum. REYNOLDS, J. (dissenting). I cannot agree with the majority in this case that the board could properly find that decedent's demise was not due solely to intoxication. To fully appreciate the facts involved I would like to enlarge on the majority's statement thereof. On October 8, 1968 decedent, a salesman, was instructed to straighten out a customer complaint at a store in Glens Falls on his way home from work. Shortly after 6:00 P.M. decedent was spotted by a State Trooper speeding north on the Northway between exits 16 and 17. The trooper testified that he gave chase during which he clocked decedent's speed at 80 miles per hour, which speed remained "quite constant". He further testified that he observed decedent pass two cars which were abreast by going over onto the left shoulder of the road. Upon passing the two cars, decedent maneuvered his car back onto the travelled portion of the road and then went off onto the shoulder again. In this erratic fashion decedent reached exit 17. The trooper was close behind, the siren and red dome-light of his vehicle heralding his pursuit. Just north of exit 17 there is a "slight" curve in the road. At this point decedent's car once again went onto the left shoulder of the road. After negotiating the curve without going completely off the road decedent drifted further to the left and went down into a ditch. He continued to move forward and after going a short distance on the grass struck a traffic sign. Decedent's car returned partially onto the road again and finally flipped over and came to rest in an upright position facing an embankment. Decedent sustained traumatic injuries and died shortly there-

after. A blood sample obtained at the trooper's request was sent to the State Police laboratory in Albany and determined to have an ethyl alcohol concentration of 0.18%. The testimony of the trooper is substantiated by two additional witnesses. Furthermore, one of the witnesses testified that when he stopped his vehicle and went over to decedent's car and looked in the window he smelled "liquor" in the car and subsequently referred to the aroma as coming from "whiskey". A majority of the board found that decedent sustained an accidental injury arising out of and in the course of employment and that "the proof the carrier submitted relative to decedent's intoxication is not sufficient to overcome the statutory presumption under section 21, subdivision 4 and therefore * * * the injury was not solely caused by intoxication." On this state of the record I can find no support for the board's finding that "the injury was not solely caused by intoxication". Concededly subdivision 4 of section 21 of the Workmen's Compensation Law provides a presumption against intoxication being the sole cause of an injury and we have stated that "It is only where all the evidence and reasonable inferences therefrom allow no other reasonable conclusion than that intoxication is the sole cause that we may interfere with the board's determination". (*Matter of Post* v. *Tennessee Prods. & Chem. Corp.*, 19 A D 2d 484, 486, affd. 14 N Y 2d 796; *Matter of Brame* v. *Alcar Trucking Co.*, 31 A D 2d 881). Such, however, I find to be the case here. The presumption of subdivision 4 of section 21 can, of course, be rebutted, albeit a "heavy burden" (*Matter of Post* v. *Tennessee Prods. & Chem. Corp., supra*). In fact, the employer can meet this burden by offering "substantial evidence from which reasonable persons would reasonably draw the inference (a) that the employee was drunk at the time of the accident; (b) that he [suffered the accident] owing to his drunkenness and was injured or killed" (*Matter of Shearer* v. *Niagara Falls Power Co.*, 242 N. Y. 70, 73, rehearing 217 App. Div. 812, revd. 245 N. Y. 199). Once this presumption is lifted, the question of intoxication as the sole cause of the injury is then one for the board to decide on all the evidence presented. Here there is clearly substantial evidence in the form of the blood sample taken from decedent which was determined to have a 0.18% ethyl alcohol concentration, and the testimony of the trooper and two other witnesses to decedent's manner of driving in the minutes before the accident to meet the prescribed test. Thus the presumption is overcome and evidence of intoxication established, and there is here no proof of confusion as to the construction of the roadway, physical condition of the decedent, mechanical defect in the car, involvement with other vehicles, etc., to otherwise possibly explain the accident. Nor was the accident unwitnessed (cf. *Matter of Cliff* v. *Dover Motors*, 11 A D 2d 883; *Matter of Scott* v. *Schaefer & Sons*, 3 A D 2d 775). The board's explanation of mere negligent driving is patently not supported on the instant record. Accordingly, since no other possible cause for the accident other than intoxication is present in the record, the decision of the board should be reversed and the claim dismissed.