◼ In the Matter of the Claim of GLORIA BOUVIA, Respondent, v ATLANTIC TESTING LABORATORY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 12, 1974, which determined that the decedent's accidental death arose out of and in the course of his employment and was not due solely to his intoxication. The appellants do not dispute the existence in the record of substantial evidence establishing that the decedent was generally in the course of his employment while driving a vehicle which he so negligently operated as to fail to negotiate a sharp right-hand turn, thus causing his fatal injuries. The sole contention of the appellants is that the fact that the decedent had consumed alcohol to an intoxicating extent either constitutes a deviation from employment or requires a finding that the accident was solely the result of intoxication. Upon the present record there is no evidence which would support a finding that the consumption of alcoholic beverages constituted a deviation from the employment. While it might be argued that the intoxication contributed to the accident, the facts that the vehicle was traveling at a speed in excess of the speed limit and failed to negotiate a sharp turn do not in any way establish that intoxication was the *sole* cause of the accident. (See Workmen's Compensation Law, §§ 10, 21, subd 4; *Matter of Rosebrook v Glen & Mohawk Milk Assn.,* 40 AD2d 928, affd 33 NY2d 964; *Matter of Sedlak v J. & A. Custom Heating & Air Conditioning,* 32 AD2d 1020, affd 27 NY2d 784.) The decision is supported by substantial evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney and Larkin, JJ., concur; Kane and Main, JJ., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). Respondent specifically found that decedent was intoxicated at the time of his death. This finding was firmly rooted in proof that an analysis of a blood sample taken from him shortly after death had disclosed a blood alcohol content of .20%. Although it may be concluded that decedent was driving his vehicle in the general *course* of his employment and that his fatal injuries were not solely occasioned by his intoxication, it cannot be denied that the board, by necessary implication, has also found that he was operating that vehicle while engaged in the commission of a misdemeanor contrary to subdivision 2 or 3 of section 1192 of the Vehicle and Traffic Law as it then existed (L 1970, ch 275, § 3). Under these circumstances, it seems plain to us that the only acceptable conclusion to be drawn from respondent's findings is that decedent's accident and resulting death arose out of his purely voluntary actions constituting the commission of a crime and did not, therefore, *arise out of* his employment. Were we to hold otherwise in this case, we would be judicially sanctioning and awarding benefits pursuant to the provisions of one statute for conduct specifically proscribed by another. While it is undoubtedly true that not every statutory violation will deprive an employee of compensation benefits (cf. *Matter of Chaffee v Effron,* 1 AD2d 197), it is equally true that not every injury arises out of employment. We need not pass upon the entire spectrum of offenses which might effect such a result for it is evident, at least in this case, that decedent's death was causally related to his voluntary transgression of the law which was a purely personal action related but unconnected with the risks arising from his general course of employment (cf. *Matter of Davis v Newsweek Mag.,* 305 NY 20). We would, therefore, reverse the decision and dismiss the claim.