■ In the Matter of the Claim of SHARON LOUCKS, Respondent, v JOY AUTOMATICS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed October 4, 1974 and November 7, 1975. On the night of decedent's death, he was scheduled to work from 7:00 P.M. until 11:00 P.M. as a route person for a vending machine company and his duties consisted of servicing and collecting revenue from vending machines at various locations. His last scheduled work assignment was at a Moose Club of which the decedent was a member. Decedent died in an unwitnessed, one-car automobile accident in the early hours of the following morning on a road which led from the Moose Club to his home. At the scene of the accident the road made a slight curve to the left and there was heavy snow on both sides of the road. The toxicological report revealed the decedent had a blood alcohol content of 0.215%. There was opinion evidence that the general conditions at the time were a contributing cause to the accident. There was no evidence in the record to account for the deceased's activities from the time he went to work until the fatal accident. On this appeal, the appellants allege that decedent's accidental death was solely caused by his intoxication and further alleges that the findings of the board are insufficient, as a matter of law. Once again this court is confronted with the "intoxication as a sole cause" issue in workmen's compensation cases. In any proceeding for the enforcement of a claim for compensation it is presumed, in the absence of substantial evidence to the contrary, that the injury did not result solely from the intoxication of the injured while on duty (Workmen's Compensation Law, § 21, subd 4). Where the board has found that intoxication was not the sole cause, as in the instant case, the rule stated is that "only where all the evidence and reasonable inferences therefrom allow no other reasonable conclusion than that intoxication is the sole cause that we may interfere with the board's determination" *(Matter of Post v Tennessee Prods. & Chem. Corp.,* 19 AD2d 484, 486, affd 14 NY2d 796). Indeed, if intoxication is a contributing factor to the accident, it is not proper to deny benefits where there are other contributing causes supported by evidence *(Matter of Rosebrook v Glen & Mohawk Milk Assn.,* 40 AD2d 928, affd 33 NY2d 964). There must be some evidence to support the determination that intoxication was not the sole cause and, in the instant case, there is evidence of heavy snow on the shoulder of the road and opinion evidence as to its effect on the operation of decedent's automobile, which evidence, although minimal at best, supports the board's determination herein. Although this court is aware of the concern of the appellate courts over cases such as these, as noted in the strong dissents in recent opinions *(Matter of Bouvia v Atlantic Testing Lab.,* 50 AD2d 680; *Matter of Rosebrook v Glen & Mohawk Milk Assn., supra; Matter of Post v Tennessee Prods & Chem. Corp., supra),* the current statute and case law mandates this determination. Decisions affirmed, with costs. Sweeney, J. P., Larkin and Herlihy, JJ., concur; Main and Reynolds, JJ., dissent and vote to reverse in the following memorandum by Main, J. Main, J. (dissenting). We adhere to the well-stated principles set forth by Mr. Justice Kane in a dissent, in which I concurred, in *Matter of Bouvia v*

*Atlantic Testing Lab.* (50 AD2d 680) wherein he wrote concerning the allowance of benefits pursuant to one statute for conduct specifically proscribed by another statute. Moreover, on the record here, we cannot conclude that claimant's death occurred in the course of employment or that it arose out of the employment. The fact that the claimant had deviated from or abandoned his employment is amply demonstrated by, along with other factors, the high alcoholic content of his blood and the occurrence of his death some four hours after his scheduled employment had ceased. While, of course, it was necessary for the claimant to make the trip home from his last assignment: " 'the trip lost its "identity" as part of the decedent's employment.' This was different from stopping to make a personal call or varying the route to or from the place of business for some personal reason whereby the risk or hazard is not materially increased. In this instance it is impossible to believe that the decedent's personal activities are not what created the peril that resulted in his death" *(Matter of Pasquel v Coverly,* 4 NY2d 28, 31). This quoted language is clearly appropriate here where the record demonstrates that claimant had abandoned his employment and by his personal transgression had created the risk which caused his tragic death. Further, the undisputed evidence is that the road surface was dry and the weather clear. The amount of snow on the shoulder was never established by competent evidence and to conclude that "heavy snow" on the shoulder of the highway was a cause of this accident is to solicit speculation of the rankest sort. We would reverse the decision and dismiss the claim.