In the Matter of the Claim of CAROL POSTE, Respondent, v HOWARD STORES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workers' Compensation Board, filed September 9, 1977, and an amended decision filed March 9, 1978. The sole issue raised on this appeal is whether or not there is substantial evidence to support the conclusion of the board that the employer made an advance payment of compensation to waive the bar of section 28 of the Workers' Compensation Law. The decedent was the head of the shoe department for his employer and had the responsibility for buying that department's merchandise. On September 7, 1970, decedent died in Italy while on a buying trip. The employer learned of the death several days later and issued a pay check for the week of September 7 to September 11 to claimant, the decedent's widow. Claimant did not file a compensation claim until May 14, 1974 and the board held that the normal two-year filing requirement had been waived by virtue of the employer's advance payment of money to claimant. The employer contends that it believed the decedent to be in Europe on a vacation rather than a business trip and thus any payment made to claimant does not constitute a waiver of section 28 of the Workers' Compensation Law. While it is true that the circumstances surrounding the payment must imply an acknowledgement or recognition of liability in order to support a finding of waiver (Matter of Schmitt v Alpha Delta Phi Fraternity House, 33 AD2d 1082, mot for lv to app den 27 NY2d 481), there is substantial evidence in the record to support the finding that the employer knew that the decedent was in Italy on a business trip. Claimant testified that the decedent had received an expense check for "around $750" from the employer before leaving for Italy and the record shows a canceled

check dated September 2, 1970 for $850 from the employer to decedent. The board was certainly not required to believe the testimony of the employer's administrative assistant who testified that the company was not approving buyers' trips to Europe in 1970 and that he could not recall an expense disbursement being made to decedent. Nor was the board required to concur in the assistant's speculation that the $850 check to decedent could have been for a loan or "anything" rather than for expenses. Accordingly, the board's decision must be sustained. Decisions affirmed, with costs to the Workers' Compensation Board against the appellants. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.