■ In the Matter of the Claim of WILLIAM GASS, Respondent, v ONONDAGA BEVERAGE CORP. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed January 10, 1980, which denied the carrier's claim for reimbursement under subdivision 8 of section 15 of the Workers' Compensation Law on the ground that it was untimely made. The board found "that the date of disability was October 16, 1976 * * * carrier filed C-250 December 21, 1978 which was more than 104 weeks after the disability and that constituted late filing *(Matter of Lambright* v. *St. Luke's Hospital*, 3 N Y 2d 832) * * * thus claim for reimbursement per Section 15-8 should be denied." The decision is supported by substantial evidence. Decision affirmed, with costs to respondent Special Disability Fund. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.

■ In the Matter of the Claim of FRANK ROSSINI, Respondent, v ARCADE CLEANING CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed October 16, 1979. The facts are undisputed. Claimant was employed as a porter on a five-day a week basis working a 6:00 P.M. to 1:30 A.M. shift. On Friday, October 25, 1974, at about 6:45 P.M., he injured his back. The incident was reported to the assistant supervisor who made out an accident report. Claimant resumed work at 7:00 P.M. but, because of the pain, received permission from the assistant foreman about 9:45 P.M. to go home. He returned to work the following Monday and received full wages. A claim for compensation was filed on February

1, 1977 for loss of time as of January 5, 1977. The board found that the employer paid claimant's wages with knowledge that he was disabled as a result of an accident at work and, therefore, section 28 of the Workers' Compensation Law was not a bar to compensation. This appeal followed. Whether the employer waived the bar of section 28 of the Workers' Compensation Law depends on the circumstances surrounding the payment, and they must imply an acknowledgment or recognition of liability in order to support a finding of waiver *(Matter of Schmitt v Alpha Delta Phi Fraternity House,* 33 AD2d 1082, mot for lv to app den 27 NY2d 481). Considering the record in its entirety, we are of the view that there is substantial evidence to sustain the finding of waiver. The record is clear that claimant was injured while working; that the assistant supervisor had knowledge of an injury and made out an accident report; and that the wages for the remaining hours of the day which claimant did not work were paid. The decision should be affirmed (see *Matter of Poste v Howard Stores,* 66 AD2d 944). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.