■ In the Matter of the Claim of DOROTHY OPDYKE, Respondent, v AUTOMOBILE CLUB OF NEW YORK, INCORPORATED, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 31, 1981, as amended by decision filed December 22, 1981. Decedent was the advertising manager and production editor of a newspaper whose duties encompassed solicitation of advertising including

entertaining prospective advertisers. Following a luncheon with a prospect which extended until 8:00 P.M. on January 13, 1976, decedent met his death in an unwitnessed one-car accident on his way home. The board reversed a decision of a referee disallowing the claim and held that decedent was engaged in employment at the time of death and that intoxication was not the sole cause of death. The board further held that an advance payment of compensation to the widow-claimant tolled the time for filing of the claim, rendering the filing on September 6, 1978, timely. This appeal ensued. Appellants initially argue the accident did not arise out of and in the course of decedent's employment. We disagree. It is evident that decedent was both an inside and outside employee, authorized to work after regular business hours if necessary. When conducting outside business after hours, his employment would continue until he arrived home (*Matter of Devlin v Petry & Co.*, 24 AD2d 804). Here, decedent was negotiating an advertising campaign with a prospective client. Meetings which involve a combination of business and social activity are of professional nature (*Matter of Dunn v Supervised Investors Servs.*, 34 AD2d 1067). The employer speculates that the accident occurred at 10:15 P.M., suggesting decedent had deviated from his employment. This argument fails since the record indicates the time of the accident was between 8:00 P.M., when decedent was last seen going to his automobile, and 10:00 P.M. when the vehicle was found. Significantly, the investigating State trooper conceded it was "very possible" decedent was on a direct route home. In our view, the record supports a determination that the unwitnessed fatal accident occurred while en route home from a meeting within the ambit of decedent's employment, giving rise to the statutory presumption, not rebutted herein, that the accident occurred in the course of and arose out of such employment (Workers' Compensation Law, § 21, subd 1; *Matter of Slotnick v Howard Stores Corp.*, 58 AD2d 959, affd 44 NY2d 887; *Matter of Quigley v American Motor Sales Corp.*, 36 AD2d 668; *Matter of Lo Monico v Coca Cola Bottling Co. of N. Y.*, 28 AD2d 1053; *Matter of Brasch v Investors Funding Corp.*, 23 AD2d 918). The employer further seeks to avoid liability by contending that decedent was intoxicated at the time of the accident. In this respect, it emphasizes that decedent had a concentration of ethyl alcohol in his blood of .209% which their medical expert concluded would have rendered him unable to control the vehicle. By statute, an employer is not liable for an injury occasioned solely by the employee's intoxication (Workers' Compensation Law, § 10). The presumption exists in this case, however, that the injury did not result *solely* from the intoxication, if any, of decedent (Workers' Compensation Law, § 21, subd 4). Since the accident was neither witnessed nor explained, and may have been occasioned by multiple factors, the board's conclusion that intoxication was not the *sole* cause of the accident is supported by substantial evidence (see, e.g., *Matter of Willett v Irona Milk Haulers*, 17 AD2d 1011). That intoxication may have been a contributory factor does not bar compensability (*Matter of Loucks v Joy Automatics*, 54 AD2d 1037). Nor does mere negligence on the part of the driver (*Matter of Rosebrook v Glen & Mohawk Milk Assn.*, 40 AD2d 928). We find that the board's determination that decedent's injury was compensable is supported by substantial evidence. We further find the employer made an advance payment of compensation to waive the bar of section 28 of the Workers' Compensation Law. Following the accident, decedent's wife received two checks: one dated January 14, 1976 in the amount of $522.92 representing decedent's pay for the period ending January 17, 1976; and another dated January 29, 1976 in the amount of $1,050.41 representing three weeks of earned but unused vacation pay. The employer contends that the payments were made regardless of the cause of death as a matter of company policy.

Whether a waiver occurs depends on circumstances surrounding the payment, which must imply an acknowledgment or recognition of liability in order to support a finding of waiver (*Matter of Rossini v Arcade Cleaning Corp.,* 79 AD2d 779, 780). The issue is one of fact for board resolution (*Matter of Holmes v McCampbell,* 39 AD2d 624). Here, the employer was aware of decedent's fatal accident en route home from a business conference, and made a payment of wages beyond the date of death, obviously not earned by decedent. Considering the entire record, we find substantial evidence to support the determination of waiver (*Matter of Poste v Howard Stores,* 66 AD2d 944; *Matter of Widrig v Newhouse Distrs.,* 12 AD2d 684). Thus, claimant's failure to file a claim within the two-year statutory period was properly excused. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.