■ In the Matter of ESTATE OF HERNANDO MOODY, Deceased, Respondent, v QUALITY STRUCTURES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [985 NYS2d 738]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed March 14, 2012, which ruled that decedent's death was causally related to his employment, and awarded workers' compensation death benefits.

Decedent collapsed while working as a laborer at a construction site, and was later pronounced dead at the hospital. Decedent's estate applied for workers' compensation death benefits on behalf of his children and, following hearings, the claim was established by a Workers' Compensation Law Judge. The Workers' Compensation Board found that the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) failed to overcome the presumption of compensability provided by Workers' Compensation Law § 21 (1) and, accordingly, affirmed. The employer now appeals.

We affirm. Testimony from decedent's coworkers established that decedent started work at 7:00 a.m. on the day he died—his first day working for the employer—and spent the morning pouring and raking concrete. He had just returned from a 20 to 30-minute lunch break and was bending down to pick up a pipe when, without warning or explanation, he collapsed. He was transported to the hospital, where efforts to revive him were unsuccessful and he was pronounced dead at 2:00 p.m. The emergency room records list the potential diagnoses as, among other things, ventricular fibrillation, acute myocardial ischemia and arrhythmia. An autopsy later determined that decedent had a massive cardiomegaly, or an enlarged heart.

" '[U]nexplained or unwitnessed accidents which occur in the course of employment are presumed, pursuant to Workers' Compensation Law § 21 (1), to arise out of such employment' " (*Matter of Brown v Clifton Recycling*, 1 AD3d 735, 735 [2003], quoting *Matter of Wichtendahl v Arrow Bus Line*, 307 AD2d 400, 401 [2003]). In order to rebut the presumption, the employer was required to come forward with substantial evidence demonstrating that decedent's death was not work-related (*see Matter of Babson v Finch Pruyn & Co. Inc.*, 25 AD3d 936, 937 [2006]; *Matter of Pinto v Southport Correctional Facility*, 19 AD3d 948, 949 [2005]).

The employer relies on the autopsy report and an independent medical report by Stephen Nash, a cardiologist who reviewed the records on the employer's behalf. Nash opined that decedent's death was caused by a cardiac arrhythmia superimposed on the underlying condition of his enlarged heart. Nash attributed evidence of decedent's lack of sleep as a contributory factor, but did not rule out decedent's work as playing a role in his death. Although decedent's coworkers witnessed the accident and the autopsy report lists the enlarged heart as the cause of death, the Board appropriately invoked the presumption of compensability inasmuch as "the cause of decedent's fatal arrhythmia remains unexplained" (*Matter of Thompson v Genesee County Sheriff's Dept.*, 43 AD3d 1252, 1253 [2007]; *see Matter of Dean v Bill Rapp Pontiac, Inc.*, 30 AD3d 806, 807 [2006]; *Matter of Koenig v State Ins. Fund*, 4 AD3d 671, 672 [2004]). Under the circumstances here, we find no basis to disturb the Board's determination that the employer failed to produce substantial evidence that the death was not work-related (*see Matter of Thompson v Genesee County Sheriff's Dept.*, 43 AD3d at 1254; *Matter of Babson v Finch Pruyn & Co., Inc.*, 25 AD3d at 937-938).

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.