*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    520120
_____

In the Matter of the Claim of
    TIFFANY HILL-CHAPMAN, as
    Administrator of the Estate
    of GERALD CHAPMAN, Deceased,
                    Respondent,
        v                                    MEMORANDUM AND ORDER

EARLYBIRD DELIVERY SYSTEMS,
    LLC, et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  May 26, 2015

Before:  Lahtinen, J.P., McCarthy, Rose and Clark, JJ.

                        _____


        Malapero & Prisco, LLP, New York City (David H. Allweiss of
counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.

                        _____


Lahtinen, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed January 27, 2014, which ruled that decedent's death arose
out of and in the course of his employment.

        Gerald Chapman (hereinafter decedent) collapsed and died
while working as a dispatcher for the employer on December 25,

2011.  After his death, claimant, as administrator of his estate, filed a claim for death benefits on behalf of decedent's two minor children.  Following a hearing, a Workers' Compensation Law Judge established the claim.  Upon review, the Workers' Compensation Board affirmed, finding that the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) had failed to rebut the presumption contained in Workers' Compensation Law § 21.  The employer now appeals.

Security videotape taken of the dispatch office on the night of decedent's death shows him sitting at his work station in apparent discomfort before eventually collapsing on the floor.  His body was found several hours later, and an autopsy determined that decedent died from a pulmonary embolism due to deep venous thrombosis of the lower extremities with an unknown cause.

"Unexplained or unwitnessed accidents which occur in the course of employment are presumed, pursuant to Workers' Compensation Law § 21 (1), to arise out of such employment" (Matter of Estate of Moody v Quality Structures, Inc., 117 AD3d 1212, 1212 [2014], lv dismissed 24 NY3d 990 [2014] [internal quotation marks and citations omitted]; see Matter of Stevenson v Yellow Roadway Corp., 114 AD3d 1057, 1058 [2014]).  The employer may rebut the presumption by providing "substantial evidence to the contrary" (Workers' Compensation Law § 21; see Matter of Babson v Finch Pruyn & Co. Inc., 25 AD3d 936, 937 [2006]).

The employer presented the independent medical report of Vinay Das, an internal medicine specialist, who opined that venous thrombosis of the lower extremities can be an inherited condition or acquired and, although he identified several acquired causes for this condition, he could not determine the cause of decedent's fatal embolism or whether it was related to his work.  In light of the fact that the cause of decedent's embolism was unexplained, the Board properly evoked the presumption of compensability (see Matter of Estate of Moody v Quality Structures, Inc., 117 AD3d at 1213; Matter of Thompson v Genesee County Sheriff's Dept., 43 AD3d 1252, 1253 [2007]).  We reject the employer's contention that the Board erred in denying its request to cross-examine the medical examiner who performed the autopsy.  Both the medical examiner and Das concluded that

decedent died from a fatal embolism of unknown cause and, "[i]n the absence of a viable difference in the expert opinions expressed in the medical reports, no prejudice accrues as a result of the denial of the right to cross-examine a medical expert" (Matter of Bryan v Borg-Warner Automotive, 293 AD2d 856, 857 [2002]; see Matter of Robideau v Van Rensselaer Manor, 56 AD3d 866, 867 [2008]).

The employer also argues that it was improperly denied an opportunity to obtain decedent's medical records.  We note that the Board did not resolve or even acknowledge this issue in its decision, despite it being raised in the employer's application for review.  Therefore, the matter must be remitted in order for the Board to address this issue (see Matter of Tucker v Fort Hudson Nursing Home, 65 AD3d 1442, 1442 [2009]).

McCarthy, Rose and Clark, JJ., concur.


ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.


ENTER:


Robert D. Mayberger
Clerk of the Court