■ In the Matter of the Claim of MARIE McCALL, Respondent, v. WAYNE LIQUOR CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award of death benefits. Decedent was a 72-year-old liquor salesman. On January 19, 1960, decedent attended a testimonial dinner at a tavern known as Bay Ridge Manor given by the Brooklyn Tavern Owners' Association for its retiring president. He left the dinner at about 1:30 A.M., and went to another tavern with several other liquor salesmen where he remained at a bar until about 5:00 A.M. He then left the bar, and a few minutes later was found by the operator of the bar, face up on the sidewalk about 15 feet from the tavern door. He never regained consciousness and died in a very short time due to a fractured skull. Upon autopsy it was found that his brain contained "three plus, or large amounts" of alcohol. The principal questions litigated before the board were whether he was in the course of employment and whether death was due solely to intoxication. The board has found in favor of the claimant on both questions. We do not need to pass upon these questions on the substantiality of the evidence to support the board's findings thereon. We perceive no evidence whatever in this record that decedent suffered an industrial accident. The board did not expressly find that there was one. The only evidence is that the large, wide, concreted area where decedent fell was smooth, free from defects or obstructions and dry. There is no evidence that he struck anything either before or during the fall, or that anything struck him. All of the evidence is to the contrary. There was no other instrumentality involved. The only conclusion which can be drawn from the record is that decedent just fell without any cause outside himself in any way contributing. A straight fall with no evidence that it was due to anything connected with the employment does not constitute a compensable

accident. Decision reversed and the claim dismissed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.