■ In the Matter of the Claim of Donald Dolan, Respondent, v. Crawford and Company et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from decisions of the Workmen's Compensation Board, filed September 16, 1971 and June 9, 1972. Claimant, employed as a supervisor of adjusters whose duties consisted of assigning cases to adjusters and of going out in the field when an adjuster could not handle a case, was assigned a company car as part of his job. At about 11:30 A.M. on December 11, 1970, claimant was informed by his supervisor that the employer had received two parking summonses for the company car assigned to claimant and that claimant was to pay them immediately, such being the employer's policy. Claimant stated that he had parked in a restricted zone because he had an appointment to make and could not find legal parking. After discussion, it was agreed that claimant would pay the tickets by cashier's checks to be obtained at a bank and, about 1:30 P.M., claimant left his office for such purpose. Before going to the bank, he stopped to buy cigarettes and then stopped for lunch. While he was sitting in the restaurant, an explosion occurred, causing him personal injury. The board found: that claimant was an inside and outside worker; that the parking tickets were incurred in the course of said outside employment; that the errand to the bank related to said employment; that the stops on the way to the bank were reasonable incidents of employment; and that the accident arose out of and in the course of claimant's employment. The mere fact that claimant combined business with some pleasure will not defeat his claim unless the accident resulted from risks produced by the personal activities (*Matter of Pasquel* v. *Coverly*, 4 N Y 2d 28; *Matter of Lowery* v. *Riss & Co.*, 10 A D 2d 489, mot. for lv. to app. den. 8 N Y 2d 707). It cannot be said, as a matter of law, that claimant's injury did not arise out of and in the course of his employment (see *Matter of Mansfield* v. *General Adj. Bur.*, 20 N Y 2d 881; *Matter of Anadio* v. *Ideal Leather Finishers*, 32 A D 2d 40, mot. for lv. to app. den. 25 N Y 2d 737). Furthermore, on the instant record, it cannot be said that claimant deviated from his employment. The test to be applied, in determining whether specific activities are within the scope of employment, is one of reasonableness (*Matter of Anadio* v. *Ideal Leather Finishers, supra*) and, in the case of an outside employee, a pause for refreshment and relaxation may be found to be reasonably incident to employment (see, e.g., *Matter of Sedlak* v. *J. & A. Custom Heating & Air*

*Conditioning*, 32 A D 2d 1020, affd. 27 N Y 2d 784; *Matter of Church* v. *Worthington Corp.* 12 A D 2d 571, mot. for lv. to app. den. 9 N Y 2d 609). Consequently, the board's finding should not be disturbed. Decision affirmed, with costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Main, JJ., concur.