■ In the Matter of the Claim of JOHN HARVEY, Appellant, v ALLIED CHEMICAL CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from an amended decision of the Workmen's Compensation Board, filed December 6, 1974. Claimant was employed as a tester at a chemical plant. He sustained an injury to his head as a result of an unwitnessed fall at work. He was found unconscious, lying on his back in an open area on the concrete floor of the plant about an hour after he had commenced work. Although there was a slight covering of bicarbonate of soda on the floor, it was not slippery. His hat, glasses and several small cups used for sample testing were the only objects found on the floor. Claimant's coworkers testified that they observed no cuts or bruises on him. The board found that there was no cause for slipping, tripping or stumbling and that there were no objects in the vicinity of the claimant which he might have struck in falling to the floor. The record substantiates this finding. A blood test performed at the emergency room of the hospital where claimant was taken soon after he was discovered lying on the floor revealed .22% blood alcohol present. The emergency room records indicated there were abrasions to the occipital region of his head and an ecchymosis of the left mastoid area indicating a fractured skull. Brain surgery was thereafter performed and a blood clot removed from the left side of the anterior part of the temporal lobe. Claimant has remained uncommunicative. There is medical proof that the degree of intoxication found in claimant would impair a person's ability to move and walk. Claimant's neurosurgeon testified that the amount of alcohol in his blood was sufficient to cause him to fall. The

board determined that claimant's injury resulted solely from intoxication, a finding which is supported by the record. Claimant contends that the presumption of section 21 of the Workmen's Compensation Law should be invoked inasmuch as there is no direct proof relative to the cause of his fall and injury which clearly was sustained in the course of employment. We do not agree. Where this presumption is given effect, it may be overcome by substantial evidence to the contrary. The present record contains medical proof of intoxication. In addition to finding intoxication the sole cause, there is no need for the board to expressly negate all of the alternate hypotheses which might be considered as possible contributory factors. (*Matter of Majune v Good Humor Corp.,* 26 AD2d 849; see *Matter of McCall v Wayne Liq. Corp.,* 19 AD2d 758, affd 15 NY2d 929.) Clearly, the presumption has been overcome. "If, in a perfectly safe place, the employee falls because he is drunk and injures himself, it is clear that the injury results solely from the intoxication". (*Matter of Shearer v Niagara Falls Power Co.,* 242 NY 70, 73.) Decision affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.