■  In the Matter of the Claim of SANDRA MIKOLAJCZYK, Respondent, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed May 10, 1974 and March 3, 1975. The board awarded death benefits to decedent's widow and children, finding that the fatal crash of October 24, 1969 was not caused solely by intoxication and that the death arose out of and in the course of decedent's employment. The burden of rebutting the presumption that decedent's fatal accident did not result solely from intoxication is upon appellants. (Workmen's Compensation Law, § 21, subd 4). This burden is made weightier by the record admission that deceased was in the course of his employment at the time of the accident. Further, the only eyewitness to the happening of the accident testified that a wheel came off decedent's car, albeit she wasn't sure if she made this observation just before or after the vehicle struck the guardrails. Next, there is undisputed testimony in the record that deceased had driven 30 miles to his place of employment and had worked a full eight-hour day after only sleeping for a period of three hours during the morning of the day he died, thereby raising a rational inference of fatigue. Indeed, appellants' sole reliance is upon the analysis of a blood sample taken from decedent which disclosed a blood alcohol content of .19%. Upon this record, as noted above, there is no evidence that deceased's consumption of alcohol was the *sole* cause of the fatal accident. *(Matter of Post v Tennessee Prods. & Chem. Corp.,* 19 AD2d 484, 486, affd 14 NY2d 796.) The decision is supported by substantial evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.