■ In the Matter of the Claim of ROSEANNA M. MILZ, Respondent, v J & R AMUSEMENT CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 20, 1981. The only issue presented on this appeal by the employer and its carrier is whether the presumption that, in the absence of substantial evidence to the contrary, an injury did not result solely from the intoxication of the injured employee while on duty (Workers' Compensation Law, § 21, subd 4) has been overcome by the evidentiary pattern developed before the hearing

officer and reviewed by the board. In its decision, a majority of the board panel, relying on the afore-mentioned presumption, found, in pertinent part: "Upon review, a Majority of the Board Panel find, based on the record and in particular on the testimony of Trooper O'Brien and the autopsy report, that claimant was driving along an unlighted road when his car went off the right shoulder of the road and struck a tree and telephone pole and that claimant struck his head on the windshield of the car and that this combination of events contributed in large part to the demise and that *the carrier has failed to overcome the presumption that the death was not caused solely by intoxication*" (emphasis added). We have held that the strong statutory presumption is overcome only when all the evidence and reasonable inferences flowing therefrom allow no other reasonable conclusion than that intoxication was the sole cause (*Matter of Loucks v Joy Automatics,* 54 AD2d 1037). The burden of rebuttal is a heavy one (*Matter of Post v Tennessee Prods. & Chem. Corp.,* 19 AD2d 484, 486, affd 14 NY2d 796). It is particularly so in the instant case where the fatal accident was unwitnessed and occurred in the course of decedent's employment, giving rise to additional presumptions in favor of claimant's claim for death benefits (*Matter of Mikolajczyk v New York State Dept. of Transp.,* 51 AD2d 1076). We hold that despite the toxicological report showing a high concentration of alcohol in decedent's body, there are other factors present in addition to the proof of intoxication that could have contributed to the fatal accident. There is direct proof in the record that decedent had spent the day working as an outside repairman and had consumed only four drinks throughout the entire day, two of those with dinner. Further, there is uncontested proof that decedent acted normally and displayed no signs of intoxication as of 9:20 P.M. when he left the area of his work to drive homeward. The accident occurred at about 9:30 P.M. at a point where the darkened roadway turned slightly to the left. In our view, the employer and carrier have failed to overcome the statutory presumption that intoxication was not the sole cause of decedent's death. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.