■ In the Matter of the Claim of GABRIEL VILLAPOL, Respondent, v AMERICAN LANDMARK MANAGEMENT et al., Respondents, and 220 EAST 73RD STREET OWNERS CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [706 NYS2d 773] —Mugglin, J. Appeals (1) from a decision of the Workers' Compensation Board, filed August 4, 1998, which ruled that claimant sustained an accidental injury in the course of his employment and awarded workers' compensation benefits, and (2) from a decision of said Board, filed June 3, 1999, which denied the employer's request for full Board review.

Claimant, an elevator operator employed at a residential building owned by 220 East 73rd Street Owners Corporation and managed by American Landmark Management, sustained serious injuries when he fell into an empty elevator shaft. The accident occurred when claimant opened the door to a manually operated elevator at the lobby level of the building and, failing to notice that the elevator was not present, stepped into the empty elevator shaft and fell to the basement level eight feet below. A toxicology screening performed at the hospital soon after the accident revealed that claimant was severely intoxicated. The Workers' Compensation Board granted claimant's application for workers' compensation benefits, finding that claimant's injury was not solely caused by his intoxication but was due in part to a defective elevator parking device which permitted the elevator door to be opened when the elevator was not present. Following the denial of their request for full Board review, 220 East 73rd Street and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer)* appeal.

We affirm. In light of the statutory presumption that claimant's injury was not solely caused by his intoxication (see, Workers' Compensation Law § 21 [4]), this Court may not interfere with the Board's decision unless "all the evidence and reasonable inferences therefrom allow no other reasonable

---

* The Board did not address the nature of claimant's employment relationship with 220 East 73rd Street and American Landmark or determine the extent to which each entity was liable for claimant's benefits.

conclusion than that intoxication is the sole cause" of claimant's injury (*Matter of Post v Tennessee Prods. & Chem. Corp.*, 19 AD2d 484, 486, *affd* 14 NY2d 796). Here, an elevator inspector employed by the New York City Department of Buildings, Division of Elevators testified that he inspected the elevator following claimant's accident and concluded that the parking device was defective. The inspector issued a violation requiring that the elevator be shut down until the condition was remedied. Both the elevator inspector and an elevator inspection consultant retained by claimant testified that a properly functioning parking device would have prevented claimant from opening the elevator door when the car was not present. In light of the ample evidence indicating that the defective condition of the elevator parking device was a contributing factor to claimant's accident, substantial evidence supports the Board's decision that claimant's injury was compensable (*see, Matter of Milz v J & R Amusement Corp.*, 96 AD2d 607, 608; *Matter of Opdyke v Automobile Club*, 92 AD2d 684, 685; *Matter of Loucks v Joy Automatics,* 54 AD2d 1037).

Addressing the employer's remaining contentions, any error on the part of the Workers' Compensation Law Judge in denying the employer's request for claimant's testimony was harmless given the evidence of claimant's severe intoxication and inability to recall the details of the accident. Finally, we are not persuaded that the Board abused its discretion in denying the employer's application for full Board review (*see, Matter of Broomfield v Roosevelt Hotel Corp.*, 268 AD2d 919).

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the decisions are affirmed, without costs.