■ In the Matter of the Claim of JAMES CURTIS, Respondent, v VILLAGE OF LYNBROOK et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [716 NYS2d 163] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed February 17, 1999, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

The Village of Lynbrook in Nassau County and its workers' compensation carrier (hereinafter collectively referred to as the employer) challenge a decision of the Workers' Compensation Board finding that claimant sustained a compensable injury on April 12, 1995 and awarding him workers' compensation benefits. We conclude that the Board's decision is supported by substantial evidence and accordingly affirm.

The evidence adduced at a hearing before a Workers' Compensation Law Judge established that claimant had been employed as a detective with the Village of Lynbrook Police Department for 22 years. In 1993, he sustained a line-of-duty injury to his back. Although he never returned to active duty, claimant continued to receive his full salary and was authorized to carry his badge and a weapon. During the early morning hours of April 12, 1995, claimant was playing darts at a tavern. He left the tavern around 3:00 A.M. and, while en route to his home, stopped a vehicle driven by Charles Davis for an

apparent equipment violation. When Davis fled the scene, claimant pursued and ultimately caught up with Davis at his place of employment. There, claimant forced Davis to the ground at gunpoint and requested identification. When some people came out of the building and advised claimant that Davis was a co-worker, claimant holstered his weapon and permitted Davis to stand up. Davis thereafter seized claimant's weapon, chased claimant and ultimately shot him in the head.

We are unpersuaded that the evidence requires a finding that claimant was unfit for duty at the time of the occurrence and that his injuries did not therefore arise out of the course of his employment. First, although claimant was on disability sick leave, the evidence indicated that his status was equivalent to that of an off-duty police officer and he was therefore legally authorized to effect an arrest. Second, although claimant was shown to have a blood alcohol level of approximately 0.16% at the time of the incident, there is no evidence that his injury was due solely to intoxication (*see*, Workers' Compensation Law § 10 [1]; § 21 [4]; *Matter of Villapol v American Landmark Mgt.*, 271 AD2d 882; *Matter of Milz v J & R Amusement Corp.*, 96 AD2d 607; *Matter of Loucks v Joy Automatics*, 54 AD2d 1037). The employer's remaining contentions have been considered and found to be unavailing.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, with costs.