■ In the Matter of the Claim of JAMES A. SMITH, Appellant, v LSI LIGHTING SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [738 NYS2d 110] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed November 14, 2000, which ruled that claimant's injury resulted solely from his intoxication and denied his claim for workers' compensation benefits.

Claimant, a machine operator, was standing on a platform next to the machine he was operating when, according to an eyewitness, "all of a sudden, he started tilting to the side" and fell three or four feet to the floor. He sustained a head injury which left him totally disabled and unable to speak. Based upon the intoxication defense asserted by the employer (*see,* Workers' Compensation Law § 10 [1]), the Workers' Compensation Board concluded that claimant was not entitled to workers' compensation benefits. On this appeal, claimant contends that the evidence of his 0.218% blood alcohol content upon admission to the hospital was insufficient to rebut the statutory presumption that his injury did not result solely from his intoxication (*see,* Workers' Compensation Law § 21 [4]). Our review of the record discloses no basis to disturb the Board's decision.

In addition to the evidence of claimant's blood alcohol content, the medical records include the report of a physician who examined claimant upon his admission to the hospital, noted that he had alcohol on his breath and concluded that he was intoxicated. The medical records also included references to claimant's recent history of alcohol abuse and the diagnosis of his condition included alcoholism. Accordingly, there was ample evidence from which the Board could conclude that

claimant was intoxicated. From this evidence of intoxication and the description of the fall provided by the only witness, the Board, which has broad authority to draw any reasonable inference from the evidence in the record (*see, Matter of Blanchard v Eagle Nest Tenancy in Common*, 285 AD2d 856), could conclude that claimant's fall occurred when he lost his balance as a result of his intoxication.

At this point, "the presumption in favor of the employee has been overcome and the question of cause of injury is one for the Board to decide on all the evidence in the case" (*Matter of Shearer v Niagara Falls Power Co.*, 242 NY 70, 73). Here, there is no evidence of any cause for claimant's fall other than his intoxication. Although claimant refers to evidence that it may have been hot and that the machinery may have emitted fumes, there is no evidence that heat or fumes caused or contributed in any way to claimant's fall. Nor was the Board obligated "to expressly negate all of the alternate hypotheses which might be considered as possible contributory factors" (*Matter of Harvey v Allied Chem. Corp.*, 51 AD2d 1066, 1067, *lv denied* 39 NY2d 707).

Claimant relies on cases where the Board found the presumption not to have been rebutted, a finding that may not be disturbed on judicial review "unless 'all the evidence and reasonable inferences therefrom allow no other reasonable conclusion than that intoxication is the sole cause' of claimant's injury" (*Matter of Villapol v American Landmark Mgt.*, 271 AD2d 882, 882-883, quoting *Matter of Post v Tennessee Prods. & Chem. Corp.*, 19 AD2d 484, 486, *affd* 14 NY2d 796). Where, as here, the Board finds that the presumption was rebutted and that intoxication was the sole cause of claimant's injury, the relevant inquiry on judicial review is whether there is substantial evidence to support the Board's findings (*see, e.g., Matter of Balk v Austin Ford Logan*, 221 AD2d 795). In this case, substantial evidence supports the Board's findings (*see, Matter of Harvey v Allied Chem. Corp., supra*) and, therefore, the decision is affirmed.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.