In the Matter of the Claim of WILLIAM THOMPSON, Respondent, v WILTSIE CONSTRUCTION COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [898 NYS2d 739]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed December 31, 2008, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, a boilermaker, sought workers' compensation benefits after injuring both of his feet in a fall that occurred during the course of his employment on May 17, 2008. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted the claim because a urine sample taken from claimant approximately 18 hours after the incident revealed the presence of an abnormally high level of marihuana metabolites. Following a hearing, a

workers' compensation law judge determined that the employer had failed to overcome the presumption that claimant's injuries were not solely caused by his purported intoxication (*see* Workers' Compensation Law § 21 [4]) and awarded claimant workers' compensation benefits. The Workers' Compensation Board upheld that determination, prompting this appeal by the employer.

We affirm. "In light of the statutory presumption that claimant's injury was not solely caused by his intoxication (*see*[ ] Workers' Compensation Law § 21 [4]), this Court may not interfere with the Board's decision unless 'all the evidence and reasonable inferences therefrom allow no other reasonable conclusion than that intoxication is the sole cause' of claimant's injury" (*Matter of Villapol v American Landmark Mgt.*, 271 AD2d 882, 882-883 [2000], quoting *Matter of Post v Tennessee Prods. & Chem. Corp.*, 19 AD2d 484, 486 [1963], *affd* 14 NY2d 796 [1964]). Here, although claimant admitted that he used illegal drugs "a few days" before the accident, he testified that he was not under the influence of drugs when he fell. In that regard, the incident occurred approximately 10 hours into a 12-hour shift that had begun at 6:00 P.M. on May 16, 2008. Claimant's partner—who was working with claimant on the elevated project when he fell—testified that he picked claimant up for work that day and that claimant exhibited no signs of intoxication either before or during their shift. Claimant's supervisor testified similarly, stating that he had direct contact with claimant on the night of the accident and that claimant "seemed fine." The supervisor indicated that, had he any concerns regarding claimant's possible intoxication, he would have sent him home and requested that he undergo drug testing. Likewise, an emergency medical technician who arrived on the scene moments after claimant's fall stated that he conversed with claimant, had no reason to suspect that claimant was intoxicated and that he would have documented such suspicions if they existed. Moreover, a hospital intake form completed less than an hour after claimant's fall indicates that claimant was alert and oriented at the time.

Finally, in describing how the incident happened, claimant stated that he had initially been wearing a safety harness and had risen to the height of his fall in a manual lift. Because he could not access the piece of equipment he needed to work on from the lift, he removed his harness and exited it. He was standing on a six-inch-wide ledge attempting to secure a clamp when he lost his balance and fell. While claimant's removal of his safety harness may have been in violation of the employer's

safety regulations, it is not a bar to his recovery of workers' compensation benefits under the circumstances presented here (*see Matter of Merchant v Pinkerton's Inc.*, 50 NY2d 492, 495-496 [1980]). Accordingly, as the foregoing amply supports the Board's determination, we decline to disturb it (*see Matter of Villapol v American Landmark Mgt.*, 271 AD2d at 883).

Cardona, P.J., Mercure, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.