Matter of Pernice v Harlan Elec. Co. (2023 NY Slip Op 02915)

Matter of Pernice v Harlan Elec. Co.

2023 NY Slip Op 02915

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

534832
[*1]In the Matter of the Claim of Cody Pernice, Claimant,
v
Harlan Electric Company et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:May 3, 2023

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ.

Goldberg Segalla, Rochester (Lauren E. Palermo of counsel), for appellants.
Letitia James, Attorney General, New York City (Jennifer S. Michael of counsel), for respondent.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed January 21, 2022, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.
Claimant, a lineman, sustained various injuries stemming from an accident on Route 37 in St. Lawrence County when a bucket truck owned by the employer rolled over. The bucket truck was driven by one of claimant's coworkers, who had consumed alcohol during the lunch break and was intoxicated at the time of the accident. Claimant subsequently applied for workers' compensation benefits as a result of his injuries. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim based upon, as is pertinent here, claimant's admission that he had also consumed alcohol at lunch in contravention of the employer's policies (see Workers' Compensation Law § 10 [1]). Following multiple hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that, notwithstanding his earlier deviation from the employer's alcohol policies, claimant was acting within the scope of his employment at the time of the accident and that, because he was not the driver of the vehicle involved, his resulting injuries were not barred by Workers' Compensation Law § 10 (1). Upon review, the Workers' Compensation Board affirmed the WCLJ's decision, prompting this appeal.
We affirm. "An employee's injury is compensable only if it arises out of and in the course of the employment" (Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [3d Dept 2018] [internal quotation marks, brackets and citation omitted]; see Workers' Compensation Law § 10 [1]). Momentary deviations from the work routine for a customary and accepted purpose will not bar a claim for benefits, and "[t]he mere fact that [a] claimant combine[s] business with some pleasure will not defeat his [or her] claim unless the accident resulted from risks produced by the personal activities" (Matter of Dolan v Crawford & Co., 41 AD2d 870, 870 [3d Dept 1973]; see Matter of Pasquel v Coverly, 4 NY2d 28, 31-32 [1958]). Nevertheless, "activities that constitute purely personal pursuits do not fall within the scope of employment and, therefore, a claimant may not recover for injuries sustained while engaging in such pursuits" (Matter of Button v Button, 166 AD3d 1258, 1259 [3d Dept 2018]; see Matter of Sharipova v BNV Home Care Agency, Inc., 191 AD3d 1071, 1073 [3d Dept 2021]). Whether a compensable accident has occurred presents a factual issue for the Board to resolve, and its determination in this regard will not be disturbed when supported by substantial evidence (see Matter of Leon v Monadnock Constr. Inc., 208 AD3d 1415, 1415 [3d Dept 2022]; Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d 1289, 1291 [3d Dept 2022]; Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1322 [3d Dept 2018]).
Taken together, the relevant hearing testimony reflects that [*2]claimant was on standby status on the day of the accident due to the possibility of immediate repairs being required as result of inclement weather. In the event the weather improved, claimant could be asked to perform other duties. While on standby, claimant was permitted to run personal errands and to go to lunch so long as he remained within close proximity to the main worksite. Claimant testified that, leading up to the accident, the site foreperson advised him to take lunch, as the weather conditions were expected to worsen. In doing so, he went to a restaurant located a few miles from his work base to meet his coworkers, among others, who had already gathered there. By claimant's own admission, he deviated from the employer's alcohol policies during his lunch break by consuming "a beer and a half." Claimant also testified that he improperly used his personal vehicle to go to lunch and that, when lunch ended, he decided to return to the main worksite with his coworkers in the employer's bucket truck in order to facilitate the later exchange of personal vehicles as a favor to a coworker. The site foreperson confirmed that, at the time of the accident, claimant and his coworkers had not been released from standby and "were still on the clock waiting for a place to go." Further, although the driver of the bucket truck was intoxicated and travelling above the speed limit when the accident occurred, nothing in the record suggests that claimant was in any way responsible for the accident, and an emergency room medical report taken after the accident reflects that claimant was "alert" and "not intoxicated."
In view of the foregoing, substantial evidence supports the Board's conclusion that claimant suffered a compensable injury, notwithstanding his admitted deviation from certain of the employer's policies, as the record reflects that he remained on standby status and was not engaged in such prohibited activities at the time of the accident and, moreover, that his prior deviations did not result in the accident or render him unable to perform his work duties (see Matter of Pasquel v Coverly, 4 NY2d at 31-32; Matter of Curtis v Village of Lynbrook, 277 AD2d 752, 753 [3d Dept 2000]; Matter of Dolan v Crawford & Co., 41 AD2d at 870); cf. Matter of Button v Button, 166 AD3d at 1259-1260). To the extent that the carrier contends that the claim is not compensable pursuant to Workers' Compensation Law § 10 (1), substantial evidence supports the Board's conclusion that claimant's earlier alcohol consumption was not a cause of the underlying accident and, thus, that his claim is not preluded upon this basis (see Workers' Compensation Law § 21 [4]; Matter of Curtis v Village of Lynbrook, 277 AD2d at 753; compare Matter of Smith v LSI Light. Servs., 291 AD2d 606, 606-607 [3d Dept 2002], lv denied 98 NY2d 603 [2002]).
Lynch, Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.