Matter of Lujan-Espinzo v Electrical Illuminations by Arnold Inc. (2024 NY Slip Op 05007)

Matter of Lujan-Espinzo v Electrical Illuminations by Arnold Inc.

2024 NY Slip Op 05007

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

CV-23-0458
[*1]In the Matter of the Claim of Jose Lujan-Espinzo, Claimant,
v
Electrical Illuminations By Arnold Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

O'Connell Zavelo LLC, Brooklyn (Anne O'Connell Zavelo of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Pritzker, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed February 7, 2023, which, among other things, ruled that claimant's intoxication was not the sole cause of the accident, and (2) from a decision of said Board, filed May 3, 2023, which denied the application of the employer and its workers' compensation carrier for reconsideration and/or full Board review.
While working alone and using a ladder to bring items down from an elevated height, claimant fell approximately eight feet to the floor, sustaining serious injuries. A toxicology screening performed at the hospital following the incident revealed that claimant was severely intoxicated by alcohol at the time of his fall. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, asserting, among other things, that the accident was caused solely by claimant's intoxication and, therefore, pursuant to Workers' Compensation Law § 10 (1), the carrier was not liable for the claim.
Following the submission of medical depositions and a hearing at which claimant and the employer's general manager testified, the Workers' Compensation Law Judge (hereinafter WCLJ) ruled in an amended decision, among other things, that the claim was disallowed, specifically noting that it was not based upon a finding under Workers' Compensation Law § 10 regarding claimant's intoxication but was based on claimant giving false testimony with respect to his consumption of alcohol on the date of the accident. By decision filed February 7, 2023, the Workers' Compensation Board modified the WCLJ's decision, finding that claimant's testimony did not warrant disallowance of the claim and that the accident was not solely caused by claimant's intoxication. As such, the Board restored the matter to the calendar to determine, among other things, the proper sites of injury and entitlement to awards.[FN1] The carrier's subsequent application for reconsideration and/or full Board review was denied by the Board in a decision filed May 3, 2023. The carrier appeals.[FN2]
We affirm. As is relevant here, Workers' Compensation Law § 10 (1) provides a presumption of compensability for "disability or death from injury arising out of and in the course of employment without regard to fault as a cause of the injury, except . . . when the injury has been solely occasioned by intoxication from alcohol" (see also Workers' Compensation Law § 21 [4]). "That intoxication may have been a contributory factor does not bar compensability" (Matter of Opdyke v Automobile Club of N.Y., 92 AD2d 684, 685 [3d Dept 1983] [citation omitted]). It is the carrier's "heavy burden" to overcome the presumption and establish that the intoxication was the sole cause of the accident (Matter of Post v Tennessee Prods. & Chem. Corp., 19 AD2d 484, 486 [3d Dept 1963], affd 14 NY2d 796 [1964]). "It is only where all the evidence and reasonable inferences therefrom allow no other reasonable conclusion [*2]than that intoxication is the sole cause that [this Court] may interfere with the [B]oard's determination" (id. [citations omitted]; see Matter of Thompson v Wiltsie Const. Co., Inc., 72 AD3d 1373, 1374 [3d Dept 2010]; Matter of Smith v LSI Light. Servs., 291 AD2d 606, 607 [3d Dept 2002], lv denied 98 NY2d 603 [2002]; Matter of Villapol v American Landmark Mgt., 271 AD2d 882, 882-883 [3d Dept 2000]).
The record establishes that claimant was severely intoxicated at the time of the unwitnessed accident. In addition to his intoxication, however, the record establishes that there are other factors present that could have contributed to claimant's fall. Claimant testified that he was working on a ladder on the day of the accident bringing down holiday lights from a shelf about eight feet high. According to claimant, usually two people would work together with one climbing and the other holding the ladder, but at the time of the accident he was working alone because they were busy. Claimant testified that, as he was descending the ladder with a heavy object in one hand, the ladder moved and fell on its side, causing him to fall to the floor and sustain injuries. The employer's general manager, who was on the premises but did not witness the accident, testified that a coworker reported that claimant was on the top of the second shelf, misplaced his foot and fell. Furthermore, Michael Holland, a specialist in emergency and occupational medicine as well as medical toxicology, testified about the negative cognitive and physical impairments that resulted from a blood alcohol level as high as claimant's. He acknowledged, however, that an unsteady ladder or carrying something down a ladder increases the risk of and could contribute to falling, irrespective of alcohol impairment.
As found by the Board, although intoxication may have contributed to the accident, the record reflects that claimant's "fall can also be attributed to the absence of another employee holding the ladder, a simple misjudgment of footing, the lack of a safety railing on an elevated surface or the inherent risk of working at height." Despite the WCLJ's credibility determinations, "the Board is the sole arbiter of witness credibility and was not bound by the WCLJ's determinations" (Matter of Ghaffour v New York Black Car Operators, 224 AD3d 1021, 1023 [3d Dept 2024] [internal quotation marks, brackets, ellipses and citations omitted]; see Matter of Molander v New York City Tr. Auth., 209 AD3d 1092, 1094 [3d Dept 2022]). As the record establishes that claimant was in the course of his employment when the accident occurred and there were reasonable conclusions as to contributing factors to the accident other than claimant's intoxication, substantial evidence supports the Board's determination that the carrier did not rebut the presumption of compensability, and the Board's decision to allow the claim will not be disturbed (see Matter of Thompson v Wiltsie Constr. Co., Inc., 72 AD3d at 1374-[*3]1375; Matter of Villapol v American Landmark Mgt., 271 AD2d at 882-883). The carrier's remaining contentions have been reviewed and found to be without merit.
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: The record reflects that, by decision filed March 27, 2023, the claim was subsequently established for work-related injury to claimant's neck, left shoulder, back, traumatic brain injury and postconcussion syndrome and awards were made.

Footnote 2: The carrier does not address the denial of the application for reconsideration and/or full Board review in its appellate brief and, therefore, its appeal from the Board's May 3, 2023 decision is deemed abandoned (see Matter of Hartman v Arric Corp., 224 AD3d 959, 960 n [3d Dept 2024]).