Matter of Ferra v Paramount Global (2025 NY Slip Op 01847)

Matter of Ferra v Paramount Global

2025 NY Slip Op 01847

Decided on March 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 27, 2025

CV-23-2141
[*1]In the Matter of the Claim of Jorge Ferra, Respondent,
v
Paramount Global et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:February 19, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Hamberger & Weiss LLP, Buffalo (John D. Land of counsel), for appellants.
Grey & Grey, LLP, Farmingdale (Erin K. McCabe of counsel), for Jorge Ferra, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed October 2, 2023, which ruled, among other things, that claimant's intoxication was not the sole cause of the accident and that he sustained compensable injuries.
On October 24, 2022, claimant, a sound engineer, was traveling for his employer on the highway from his home in New Jersey to a job assignment in the City of Buffalo, Erie County, when he was involved in a motor vehicle accident with another vehicle while both drivers were attempting to change lanes. According to claimant, it was a "bumper to bumper" incident, he was uninjured, and no harm was done; he pulled over to the shoulder of the road, exited his vehicle and spoke with the driver of the other vehicle and then returned to his vehicle to document some information. While sitting in his vehicle with his left leg against the open driver's door, claimant's vehicle was hit from behind on the driver's side by a third vehicle. Claimant sustained serious injuries and did not return to work. He filed a claim for workers' compensation benefits seeking coverage for injuries to his neck, back and left leg and later asserted additional injuries to other body parts. A toxicology screening performed at the hospital after the accident disclosed that claimant had a blood alcohol level of .18, reflecting that he was legally intoxicated. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised several defenses, including that there was no compensable accident in that claimant had deviated from his employment because he was intoxicated and, thus, the carrier was not liable for the claim pursuant to Workers' Compensation Law § 10 (1).
Prima facie medical evidence was found for injuries to claimant's neck, back, left shoulder, wrist, elbow, knee, ankle and hip. An orthopedic surgeon who conducted a medical examination of claimant at the behest of the carrier opined that claimant had numerous causally-related injuries, was unable to perform other than sedentary duties and had an ongoing marked disability of 75%. Following a hearing at which claimant testified, a Workers' Compensation Law Judge (hereinafter WCLJ) found claimant to be credible and established the case for all of his injuries. The WCLJ determined that the accident in which claimant was injured (hereinafter the second accident) occurred during a work-related trip and arose out of and in the course of his employment, and that the carrier had failed to show that intoxication was the sole cause of that accident. The Workers' Compensation Board affirmed the WCLJ's decision. The carrier appeals.
We affirm. Workers' Compensation Law § 10 (1) provides a presumption of compensability for "disability . . . from injury arising out of and in the course of the employment without regard to fault as a cause of the injury, except . . . when the injury has been solely occasioned by intoxication from alcohol" (emphasis added) (see Workers' [*2]Compensation Law § 21 [4]).[FN1] There is a rebuttable presumption, "in the absence of substantial evidence to the contrary[,] . . . [t]hat [a claimant-employee's] injur[ies] did not result solely from the intoxication of the injured employee while on duty" (Workers' Compensation Law § 21 [4]). The carrier bears the "heavy burden" to overcome the presumption by establishing that claimant's intoxication was the sole cause of the accident, and "[i]t is only where all the evidence and reasonable inferences therefrom allow no other reasonable conclusion than that intoxication is the sole cause that [this Court] may interfere with the [B]oard's determination" (Matter of Post v Tennessee Prods. & Chem. Corp., 19 AD2d 484, 486 [3d Dept 1963], affd 14 NY2d 796 [1964]; accord Matter of Lujan-Espinzo v Electrical Illuminations by Arnold Inc., 231 AD3d 1252, 1253 [3d Dept 2024]).
As the Board found, "[w]hile it may be reasonably argued that claimant's high blood alcohol content caused him to attempt to pass the second vehicle or to rear-end the second vehicle [involved in the initial incident], neither event can be considered the actual cause of the [second] accident in which claimant was injured." The Board pointed out that there was no showing that, at the time of the injury-producing, second accident, claimant was engaged in any intoxication-induced, unreasonable activity such as not pulling his vehicle off the highway or walking in the highway. As such, deferring to the Board's credibility assessment and inferences drawn from the evidence (see Matter of Daniels v New York City Tr. Auth., 232 AD3d 955, 956 [3d Dept 2024]), the record supports its finding that, at the time of the second accident, claimant was traveling in the course of his employment and engaged in the reasonable activity of gathering information on the side of the road related to the initial accident, and his prior actions in driving while intoxicated did not cause the second accident (see e.g. Matter of Pernice v Harlan Elec. Co., 217 AD3d 1027, 1029 [3d Dept 2023]). In addition to claimant's intoxication, the record reflects that the conduct of the third driver who struck claimant's vehicle from behind caused or contributed to the second accident, causing claimant's injuries, providing substantial evidence for the Board's finding that the carrier did not overcome the presumption by showing that claimant's injuries were solely the result of intoxication (see Matter of Lujan-Espinzo v Electrical Illuminations by Arnold, Inc., 231 AD3d at 1254-1255; Matter of Villapol v American Landmark Mgt., 271 AD2d 882, 883 [3d Dept 2000]; Matter of Milz v J & R Amusement Corp., 96 AD2d 607, 608 [3d Dept 1983]; Matter of Rosebrook v Glen & Mohawk Milk Assn., 40 AD2d 928, 928 [3d Dept 1972], affd 33 NY2d 964 [1974]; Matter of Post v Tennessee Prods. & Chem. Corp., 19 AD2d at 486; cf. Matter of Cannetti v Darr Constr. Equip. Corp., 173 AD3d 1493, 1495 [3d Dept 2019]; Matter of Smith v LSI Lighting Servs., 291 [*3]AD2d 606, 606-607 [3d Dept 2002], lv denied 98 NY2d 603 [2002]).
The Board also properly rejected the carrier's argument that claimant's intoxication constituted a significant deviation from his employment which caused the initial accident and led to the second accident, requiring disallowance of the claim.[FN2] The carrier now concedes that intoxication was not the sole cause of the second accident, but contends that it was not required to show that intoxication was the sole cause of the accident, reasoning that claimant's action in driving while intoxicated was by itself a significant deviation from his employment and, thus, the second accident did not arise out of and in the course of his employment. To be sure, under Workers' Compensation Law § 10 (1), "[a]n employee's injury is compensable only if it arises out of and in the course of the employment" (Matter of Pernice v Harlan Elec. Co., 217 AD3d at 1028 [internal quotation marks and citations omitted]). However, this Court long ago rejected the argument raised by the carrier, holding that the act of driving while intoxicated in the course of one's employment does not, by itself, constitute a deviation from employment; even when intoxication is a factor — or the predominant factor — in a work-related vehicular accident, the employer is nonetheless required by statute to overcome the presumption by demonstrating that the injury resulted solely from the injured employee's intoxication (see Shannon v American Can Co., 278 App Div 546, 550 [3d Dept 1951]; see also Matter of Pernice v Harlan Elec. Co., 217 AD3d at 1028-1029; Matter of Cannetti v Darr Constr. Equip. Corp., 173 AD3d at 1495; Bouvia v Atlantic Testing Lab., 50 AD2d 680, 680 [3d Dept 1975], affd 41 NY2d 878 [1977]; Matter of Sedlack v J. & A. Custom Heating & A.C., 32 AD2d 1020, 1021 [3d Dept 1969], affd 27 NY2d 784 [1970]; Matter of Segnini v Roxbury Ski Ctr., 14 AD2d 449, 449 [3d Dept 1961]).
To accept the carrier's argument that an employee's driving while intoxicated is a deviation from employment that renders irrelevant the issue of and burden of proving whether the employee's intoxication was the sole cause of the injuries, we would have to disregard the requirement to provide no-fault workers' compensation coverage except where the injuries are "solely occasioned by intoxication" (Workers' Compensation Law § 10 [1]); also nullified would be the governing statutory presumption that intoxication was not solely the cause of the claimant-employee's injuries incurred while on duty (see Workers' Compensation Law § 21 [4]), and the well-established heavy burden on the employer to overcome that presumption. Thus, contrary to the carrier's argument, an employee's intoxicated driving does not per se constitute a deviation from employment that relieves the employer from demonstrating that the employee's intoxication was the sole cause of the ensuing accident and injuries. Moreover, at the time of the second accident, claimant was not involved [*4]in a "purely personal pursuit[ ]," had not completed the employer-directed work travel and was not engaged in any unreasonable activity so as to constitute a deviation from his work duties (Matter of Pernice v Harlan Elec. Co., 217 AD3d at1028 [internal quotation marks and citation omitted]; see Matter of Sharipova v BNV Home Care Agency, Inc., 191 AD3d 1071, 1073-1074 [3d Dept 2021]). Accordingly, the Board's decision that the carrier did not overcome the presumption and that the claim is compensable is supported by substantial evidence and will not be disturbed.
Egan Jr., J.P., Aarons, Pritzker and Lynch, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Notably, the requirement that no-fault workers' compensation coverage be provided for injured employees unless their work-related injuries result solely from their intoxication while on duty is embedded in the NY Constitution (see NY Const, art I, § 18).

Footnote 2: It is noted that the Board made no finding that claimant's intoxication caused the initial accident or that it was the sole cause of that incident.