Matter of Ramales v Frank & Nino's Pizza Corp. (2025 NY Slip Op 03234)

Matter of Ramales v Frank & Nino's Pizza Corp.

2025 NY Slip Op 03234

Decided on May 29, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 29, 2025

CV-24-0636
[*1]In the Matter of the Claim of Felipe Zamora Ramales, Claimant,
v
Frank and Nino's Pizza Corp. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:April 23, 2025

Before:Clark, J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Lois Law Firm LLC, New York City (Addison O'Donnell of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.

Clark, J.P.
Appeal from a decision of the Workers' Compensation Board, filed March 28, 2024, which ruled, among other things, that claimant's intoxication was not the sole cause of the accident and that he sustained compensable injuries.
Claimant, a dishwasher and kitchen assistant at a pizzeria, sustained burns to 40% of his body and other physical injuries when he lost his balance and fell down the stairs to the basement as he was carrying a large pot of hot tomato sauce. Emergency department triage notes reflect that, upon being admitted to the burn unit, claimant had a blood alcohol content of .281, indicating alcohol use disorder. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted claimant's subsequent claim for workers' compensation benefits, raising several defenses, including that claimant's injuries did not arise out of and in the course of his employment and that his injuries were due solely to his intoxication.
Following a hearing, a Workers' Compensation Law Judge disallowed the claim, finding that claimant's injuries occurred solely because of his intoxication. Upon administrative appeal, the Workers' Compensation Board reversed and established the claim for work-related burns and other injuries. The Board determined that claimant was entitled to the presumption of compensability pursuant to Workers' Compensation Law § 21 (4) and that the carrier failed to demonstrate that intoxication was the sole cause of the accident. The carrier appeals.
We affirm. As relevant here, "disability . . . from injury arising out of and in the course of the employment [is presumptively compensable,] without regard to fault as a cause of the injury, except . . . when the injury has been solely occasioned by intoxication from alcohol" (Workers' Compensation Law § 10 [1]; see Workers' Compensation Law § 21 [4]). "[I]t shall be presumed in the absence of substantial evidence to the contrary . . . [t]hat the injury did not result solely from the intoxication of the injured employee while on duty" (Workers' Compensation Law § 21 [4]). "That intoxication may have been a contributory factor does not bar compensability" (Matter of Opdyke v Automobile Club of N.Y., 92 AD2d 684, 685 [3d Dept 1983] [citation omitted]). The carrier bears the "heavy burden" of rebutting the presumption by establishing that intoxication was the sole cause of the accident, and "[i]t is only where all the evidence and reasonable inferences therefrom allow no other reasonable conclusion than that intoxication is the sole cause that [this Court] may interfere with the [B]oard's determination" (Matter of Post v Tennessee Prods. & Chem. Corp., 19 AD2d 484, 486 [3d Dept 1963], affd 14 NY2d 796 [1964]; accord Matter of Lujan-Espinzo v Electrical Illuminations by Arnold Inc., 231 AD3d 1252, 1253 [3d Dept 2024]).
As correctly noted by the Board, the fact that claimant was intoxicated at the time of the accident, by itself, does not preclude [*2]the presumption of compensability and is insufficient to demonstrate that the accident occurred solely because of claimant's intoxication. To that end, claimant testified that he worked as a kitchen assistant at the pizzeria doing "a little bit of everything," including washing dishes and preparing salads. According to claimant, although food was usually cooled upstairs, on the day of the accident there were a lot of dishes upstairs and it was very busy, so he attempted to move the large pot of tomato sauce into the basement to cool. In doing so, claimant explained that he was going down the stairs one step at a time and was moving the pot step by step down to the basement. According to claimant, the weight and balance of the large pot caused him to lose his balance and fall, resulting in the hot sauce spilling on him. Although the manager of the pizzeria, who was not present at the time of the incident, testified that staff informed him that claimant was so intoxicated that he could not walk and that claimant was told "more than 20 times" not to carry the pot of sauce down the stairs, the Board did not credit such hearsay testimony. Deferring to the Board's credibility assessments, substantial evidence supports its findings that claimant navigating the heavy pot down the stairs and losing his balance was a contributory factor in the accident. Thus, the carrier did not overcome the presumption of compensability by showing that claimant's injuries were caused solely by his intoxication (see Matter of Lujan-Espinzo v Electrical Illumination by Arnold Inc., 231 AD3d at 1254; Matter of Villapol v American Landmark Mgt., 271 AD2d 882, 883 [3d Dept 2000]; Matter of Rosebrook v Glen & Mohawk Milk Assn., 40 AD2d 928, 928 [3d Dept 1972], affd 33 NY3d 964 [1974]; compare Matter of Smith v LSI Light. Servs., 291 AD2d 606, 606-607 [3d Dept 2002], lv denied 98 NY2d 603 [2002]; Matter of Harvey v Allied Chem. Corp., 51 AD2d 1066, 1066-1067 [3d Dept 1976], lv denied 39 NY2d 707 [1976]). We are unpersuaded by the carrier's assertion that the presence of handrails and absence of any obstacles on the stairs provide substantial evidence so as to rebut the presumption.
We are also unpersuaded by the carrier's contention that the Board erred in finding that claimant's conduct did not so deviate from the course of his employment that it was outside the scope of his employment. Even if the Board credited the employer's hearsay testimony that claimant was instructed "20 times" not to carry the pot of sauce down the stairs, "the misconduct of an employee, . . . even willful disobedience of the rules of the workplace, has no bearing upon whether an injury is compensable" (Matter of Merchant v Pinkerton's Inc., 50 NY2d 492, 495 [1980]). As noted by the Board, whether carrying the pot of sauce to the basement to cool is normal practice relates to the method of performing the job and was within the general scope of claimant's employment as a kitchen assistant and, therefore, [*3]did not preclude recovery of workers' compensation benefits (see id. at 495-496; Matter of Lujan-Espinzo v Electrical Illuminations by Arnold Inc., 231 AD3d at 1254). To the extent not specifically discussed, the carrier's remaining contentions have been reviewed and found to be without merit.
Aarons, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.